Schlencker *et al. v.* Risley.

GIDEON SCHLENCKER *et al.*, appellants, *v.* JOSHUA RISLEY, appellee.

| 4 | 483 |
| 124 | 390 |
| 4 | 483 |
| 137 | 545 |
| 4 | 483 |
| 76a | 333 |
| 3s | 483 |
| 108a | 6356 |

*Appeal from Wabash.*

The general rule of law is, where an officer justifies the commission of an act complained of, which purported to be done in his official capacity, that it is necessary that he should show in his defence, not only that he was an acting officer, but also that he was an officer, duly commissioned and qualified to act as such; while, as to all others, it is sufficient for them to show that he was acting as such officer.

A party cannot assign for error an erroneous decision of the Court which manifestly does him no injury.

The law intends that every one shall have a fair trial; and if, by any misfortune or accident, without any fault on his part, a party has been unable to present the merits of his case before the jury, as a general rule, the Court will allow him another hearing, upon such terms as may be deemed equitable.

In some instances the granting or refusing a motion for a new trial is a matter of sound discretion with the judge; while, in others, the question must be determined by well known and firmly established principles of law.

Before a new trial can be granted on the ground of newly discovered evidence, it must appear that it is material to the issue; that it is not cumulative; and that the party has not been guilty of negligence in not discovering and producing it on the former trial.

A new trial is never granted upon newly discovered evidence which can be received only in mitigation of damages; it is the effect that the evidence would have upon the issue alone, that entitles it to weight in determining the question.

A verdict is never disturbed on account of excessive damages, in cases of tort, unless it is probable, from the amount of the damages assessed, that the jury has acted under the influence of prejudice or passion.

An objection to the form of a verdict, where it is substantially correct, cannot be raised in the Supreme Court, where no exception is taken to it in the Court below.

A new trial will not be granted upon newly discovered evidence of the existence of a fact which was fully established on the former trial.

THIS cause was heard in the Court below, at the September term, 1842, before the Hon. William Wilson and a jury. Verdict and judgment were rendered for the plaintiff for $333 damages. The defendants appealed to this Court.

O. B. FICKLIN, for the appellants, relied on the following points and authorities :

In order to prove the general allegation that two of the defendants were officers, it was only necessary to prove that they were acting as such. 2 Stark. Ev. 218 ; Turner *v.* Fendall, 1 Peters' Cond. R. 261 ; Berryman *v.* Wise, 4 Term R. 366 ; Potter *v.* Luther, 3 Johns. 431 ; Gale's Stat. 239 ; 2 Phillipp's Ev., Cowen & Hill's Notes, 554, note 427. In no plea was it charged that the officers were qualified.

The distinction between the officers and other defendants, in the instruction of the Court, was erroneous.

A. LINCOLN, for the appellee :

If there is error in this case, it is *damnum absque injuria.* Justice has acquitted herself. He cited 3 N. Y. Dig. 590 § 83 ; 18 Johns. 205 ; 5 Wend. 48 ; 12 Wend. 27 ; 2 Harrison's Dig. 1521, current of decisions under head of Excessive Damages; 7 Mass. 205.

CATON, Justice, delivered the opinion of the Court:

This was an action of *trespass* for false imprisonment, brought by Risley against Williams, Wallace, Schlencker, Fisher, and Rogers, in the Wabash Circuit Court. Fisher was not served with process. Williams justified issuing the process on which the plaintiff was arrested, as an acting justice of the peace, on a proper complaint made. Wallace justified the arrest of the plaintiff by virtue of said process, as an acting constable, &c. Schlencker justified as one of the *posse* in aid of Wallace, and at his command. Rogers pleaded not guilty. Issues were taken on these pleas. On the trial, the defendants offered to prove, in their defence, by general reputation, that Williams was a justice of the peace, at the time of issuing the warrant, and that Wallace was a constable, acting within the county. The Court decided that this evidence was competent as to Williams and Wallace, only in mitigation of damages ; but as to the other defendants, it was competent evidence in their defence. After this decision, Williams produced his commission as a justice of the peace, and Wallace produced a certificate of the county commissioners' clerk, stating that he was duly appointed and qualified as constable. It also appears, from the bill of exceptions, that it was proved on the trial, that Wallace, professing to act as constable, and Schlencker in aid of him, arrested the plaintiff. The jury found a verdict of guilty against

Wallace and Schlencker, and not guilty as to the other defendants, and assessed the plaintiff's damages at $333

After the verdict was rendered, the defendants Wallace and Schlencker moved the Court for a new trial, upon the affidavit of Schlencker stating that he was summoned by Wallace, whom he supposed was a legal constable, to aid him in arresting Risley, and that he objected to going, and offered Wallace a dollar to let him off, but that Wallace refused, and threatened him with the law, if he did not go. That deponent was ignorant of the law, and unable to read English, and that fearing the consequences of the threat, he went with Wallace, and that all he did was in obedience to his commands. That since the trial, deponent has discovered, by conversations with Mary Wise, that she was present when Wallace called on Schlencker and commanded his assistance; and that he can prove by her what took place at the time, between Wallace and deponent, as above stated. The Court overruled the motion for a new trial, and gave judgment on the verdict. The defendants have appealed to this Court, and now assign the decision of the Court in relation to the evidence offered to prove, by general reputation, that Williams was a justice, and Wallace a constable; the decision of the Court in overruling the motion for a new trial, and in rendering judgment on the verdict.

The first question proper to be considered, is the decision of the Court in refusing to allow the evidence of general reputation to prove the official character of the justice and constable, except for the limited purpose specified.

The general rule of law is, when an officer justifies an act complained of, purporting to be done in his official capacity, that it is necessary that he should aver and prove, in his defence, not only that he was an acting officer, but that he was an officer in truth and right, duly commissioned and qualified to act as such; while as to all others, it is sufficient for them to aver and prove that he was acting as such officer. And the reason of the rule is, that the officer himself is bound to know whether he is legally an officer, and if he attempts to exercise the duties of an officer, without authority, he acts at his peril; whereas it is sufficient, so far as the rights of third persons or the public are concerned, that the officer is acting in his official capacity, and under color of title; for it would be unreasonable and oppressive, to compel them, before they put faith in his official acts, to go into a minute examination of all of the evidence of his title to the office, and see that he has complied with all the necessary forms of law. (1) But it is said by the counsel for the appellants, and perhaps with justice, that as Williams and Wallace only pleaded that they were officers *de facto*, upon which the plaintiff took issue, they should not have been called upon to prove any more than was sufficient to maintain that issue; that

(1) The People *v.* Collins, 7 Johns. 549.

if the plaintiff had doubted their rights to the offices, the duties of which they attempted to exercise, he should have demurred to the defendants' pleas, and thus compelled them to have averred and proved that they were officers *de jure*. All this may be admitted to be true, and it may also be admitted that the Court erred in the limitation given to this evidence; but as it appears, from the bill of exceptions, that upon this decision of the Court, Williams produced his commission as justice, and Wallace produced a certificate of the county commissioners' clerk, that he had been appointed a constable, and had qualified as such, and no objection having been made to this evidence to prove their rights to the respective offices, and no objection appearing to have been made to their legal qualification to those offices, it is manifest, beyond all doubt, that this decision of the Court could not have prejudiced them in the least in the final result of the trial. For this reason, then, we are of opinion that the plaintiffs here cannot prevail on this error.

The motion for a new trial was founded principally on the affidavit of Schlencker, of material evidence discovered subsequent to the trial. The law intends that every one shall have a fair trial; and if by any misfortune or accident, without any fault on his part, a party has been unable to present the merits of his case before the jury, as a general rule, the Court will allow him another hearing, upon such terms as may be deemed equitable. In some instances the granting or refusing a motion for a new trial, is a matter of sound discretion with the judge, while in others, the question must be determined by well known and firmly established principles of law. Before a new trial can be granted on the ground of newly discovered evidence, it must appear that the evidence shown to have been discovered since the former trial, is material to the issue; that it is not cumulative; and that the party has not been guilty of negligence in not discovering and producing it on the former trial. In this case it cannot be doubted that the evidence produced is material, not only in mitigation of damages, by showing an absence of malice in Schlencker, but also to the issue, in supporting that part of his plea which avers that he acted under the command of Wallace, the constable. Nor does it appear that Wallace was guilty of such negligence in not producing the witness on the former trial, as to deprive him of the right to urge this evidence on the motion for a new trial. It may not be considered as remarkable or extraordinary, that an individual may have been present at such an interview as is described in the affidavit of Schlencker, and have escaped his observation or recollection. Before such negligence can be imputed to a party, it should appear that the newly discovered witness was one whom the party had reason to believe was likely to know the facts. In such a case he would be without apology, for not having previously enquired of the witness what he did really know of the matter. But the objection to this newly discovered evidence is, that if it be not strictly and technically cumulative, it

was entirely unnecessary. As before stated, this evidence tends to support that part of Schlencker's plea which avers that he acted in aid of the officer in arresting the plaintiff below ; while it appears from the bill of exceptions, that without this evidence, that fact was completely proved on the trial. The bill of exceptions states, that " It was proved on the trial, that the defendant, Wallace, professing to act as constable, and the defendants, Schlencker and Rogers in aid of him, arrested the plaintiff," &c. It is true that it. is not always a fatal objection to a new trial, that the newly discovered evidence is cumulative, as where it is of a decisive and conclusive character of itself, without the aid of other evidence to the same point, and where that point was not satisfactorily made out on the former trial. Nor is evidence necessarily cumulative, because it tends to support a point to which some sort of evidence was given on the former trial; as where it is of an entirely different character and species from that given on the former trial, and tending to support the same point, in a separate and distinct way. (1) But surely, it would be trifling with common sense and common justice, for a Court to grant a new trial, on account of newly discovered evidence, no matter how conclusive its character, or independent and dissimilar in its nature, upon a point already established, and where no more evidence was wanted or could be of use. This evidence undoubtedly might have been of essential importance to Schlencker, in mitigation of damages ; but a new trial is never granted for that reason ; as it is the effect that the evidence would have on the issues alone, that entitles it to weight in determining this question.

Another reason assigned for a new trial, was that the damages were excessive. Courts have always manifested a reluctance to disturb verdicts on account of excessive damages in cases of this nature, and never disturb them unless it is probable, from the amount of the damages assessed, that the jury have acted under the influence of prejudice or passion. The damages here are not so high as to induce that belief, nor in fact are they extraordinary in a case of this nature. We are therefore of opinion that the Court decided properly in overruling the motion for a new trial.

The only remaining question to be disposed of is, the objection which is now urged for the first time, to the form of the verdict. It appears that the jury have not responded directly to the issues tendered by Williams and Wallace, which were upon pleas of justification, but have rendered a verdict of guilty as to them, and assessed the plaintiffs' damages precisely as if the general issue alone had been pleaded ; and it is now insisted that for this informality of the verdict, the judgment of the Court below should be reversed. Upon a question precisely like this in all its features, in the case of Roach *v.* Hulings, (2) Mr. Justice Daniel says, " Ob-

(1) Guyott *v.* Butts, 4 Wend. 579.          (2) 16 Peters 321.

Schlencker *et al. v.* Risley.

jections of this character, that are neither taken at the usual stage of the proceedings, nor prominently presented on the face of the record, but which may be sprung upon a party after an apparent waiver of them by his adversary, and still more after a trial upon the merits, can have no claim to the favor of the Court, but should be entertained only in obedience to the strictest requirements of the law." If this verdict, under these issues, was not formally correct, yet the objection to it is of the most technical character, and goes in no wise to the merits of the cause. The jury have tried the case on its merits, and have rendered a verdict which may be clearly comprehended and easily understood, and by which no one will doubt that they intended to convey the fact to the Court, that they had found these issues against the defendants below, and which the jury supposed conveyed their meaning just as distinctly as if they had rendered a verdict in the most solemn form. Had the informality of the verdict been observed at the time it was presented by the jury, it would have been corrected by the jury, on the suggestion of the Court, without leaving the box. If objections of this kind were allowed to prevail at this stage of the case, it would convert the principles of law into the weapons of injustice.

In the case above referred to, the Supreme Court of the United States says, " It was to prevent the mischiefs ensuing from a misapplied rigor, that statutes of jeofails have been enacted, and their salutary influence is invoked whenever the intrinsic merits of the parties litigant would, without that influence, be sacrificed to mere modes and forms of practice." The seventh section of our statute of jeofails provides, "If a verdict of a court or jury shall hereafter be given for either party, in any court of record, the judgment thereon shall not be stayed or reversed, by reason of any defect of form, or lack of form in any suit," &c. (1) It would seem, from reading this section, that the legislature in passing it, had precisely this case in view, and it would seem difficult to find words better adapted to cure this defect. In the case in 16 Peters, after adverting to the statute of jeofails of the United States, which is much less satisfactory than ours on this point, Mr. Justice Daniel concludes: " The Court has shown that the proceedings in this case were according to the right of the case ; that they brought into view the real merits of the parties litigant before the jury ; we therefore consider that both the verdict and judgment are within the terms and intent of the statute, and ought to be protected thereby." Without going further into a discussion of this question, we are satisfied, both on principle and authority, that this objection, as here presented, cannot be sustained.

The judgment of the Circuit Court is affirmed with costs.

SEMPLE, Justice, dissented.

*Judgment affirmed.*

(1) R. L. 65 ; Gale's Stat. 50.