# BRISTOL COUNTY.

---

## LIZZIE E. DEXTER *vs.* JOSEPH E. HANDY.

The defendant in an action for slander petitioned for a new trial because the plaintiff's witnesses, after the trial, admitted their testimony to have been untrue. The defendant petitioner presented affidavits to this effect, but had taken no measures to prosecute the witnesses for perjury. No affidavits were presented from the witnesses in support of the petition, and one of the witnesses denied by affidavit the admission charged against him.

*Held,* that the petition should not be granted.

A new trial will not be granted because new evidence has been found, if such evidence was discoverable with proper diligence before the trial, especially when such evidence merely impeaches the witnesses of the successful party, or affects the matter of damages, rather than the main issue.

DEFENDANT'S petition for a new trial.

*Providence, December* 8, 1881. DURFEE, C. J. This is a petition for the new trial of an action pending in the Court of Common Pleas, in which a verdict was found for the plaintiff. The action is case for slander. The words declared on as slanderous reflect on the plaintiff's character for chastity, and accuse her of a specific act of fornication. The defence was that the words were true. On the trial the plaintiff called two witnesses who testified to her good character, and also a witness who testified in disproof of the alleged act of fornication. The ground of the petition is that these witnesses, after the trial was over, severally admitted that their testimony was untrue. The affidavits of persons who profess to have heard these admissions are filed in support of the petition, but no affidavits are produced from the witnesses themselves either admitting that their testimony was false or stating anything differently from their testimony, while, on the contrary, one of the witnesses, and he the most important, has given an affidavit denying that he ever made the admissions. If another trial were granted, the new evidence would not be admissible in proof of the issue made by the defendant, but only to contradict or discredit the witnesses if they were again put on the stand by the plaintiff. A new trial is seldom granted for the introduction of newly discovered testimony which goes merely to impeach the witnesses of the prevailing party. We confess that the petition does not commend itself to our minds. If the affidavits introduced by the petitioner are true, the witnesses have confessed themselves perjurers; and yet the petitioner, while he asks us to grant him a new trial on that account, has not, so far as appears, taken any steps to have them prosecuted. It has been decided that a new trial on account of perjury will not be granted until after the perjured witness either has been convicted or is dead, mere evidence of the perjury, or even an indictment for it, being deemed insufficient. *Dyche* v. *Patton,* 3 Jones Eq. 332 ; *Benfield* v. *Peters,* 3 Doug. 24 ; *Seeley* v. *Mayhew,* 4 Bing. 561 ; *Wheatley* v. *Edwards,* Lofft, 87. Perhaps the rule laid down in these cases may be too strict and exacting for all circumstances, but it is obviously founded in wise policy. Certainly the talk of a witness after trial ought not generally to weigh against his sworn testi-

mony ; for there would be no security for verdicts if, without peril to the witnesses, they were liable to be upset by such talk. The best evidence of perjury is the conviction of the perjurer. It is against the petition that the petitioner can find no precedent for it. There is, however, precedent against it. In *Commonwealth* v. *Randall*, Thacher Cr. Cas. 500, it was held that expressions used by a witness after a trial, contradicting or denying what he said in court, are not ground for setting aside the verdict and for granting a new trial, but are evidence to convict him of perjury. " In almost every instance," said the court, " it would be easy for a losing party to obtain affidavits of that description." We must therefore refuse a new trial on this ground.

The other ground for a new trial is the discovery of new testimony of a different kind. The petition, however, does not show that the testimony might not, with proper diligence, have been had at the trial. Moreover, the testimony is of but slight importance, and goes rather to the matter of damages than to the question primarily at issue. *Ham* v. *Taylor*, 22 Texas, 225 ; *Schlencker* v. *Risley*, 4 Ill. 483. We do not think it furnishes a sufficient ground for a new trial. The petition is therefore dismissed with costs.        *Petition dismissed.*