THOMAS BURLINGAME *vs.* BYRON J. COWEE, Town Treasurer of the Town of Scituate.

When a new trial is asked for on account of newly discovered evidence applicable only in mitigation of damages:

*Held*, that a new trial should be granted only when it is clear that, had the jury rendered its verdict after considering the newly discovered evidence, such verdict ought to be set aside as excessive.

In an application for a new trial on account of newly discovered evidence, affidavits and counter-affidavits may be used. The court receives them to assist, not control, its decision.

DEFENDANT'S petition for a new trial.

*December* 15, 1887. DURFEE, C. J. This is an action to recover damages for injuries sustained by the plaintiff in the town of Scituate, in consequence of the defective condition of a bridge in that town. Some of the rails which guarded the side of the bridge were gone, and the plaintiff, while crossing the bridge in the dark, stepped aside at a place where they were gone to avoid a carriage which he heard approaching, and, being unable to see where he was, stepped off the bridge and fell down the side, injuring his spine. The jury returned a verdict in his favor for $4,000. The defendant petitions for a new trial, one ground assigned, and the only ground which is pressed, being that since the trial he has discovered new and material testimony. The new testimony, as disclosed by the affidavits, applies only to the damages recovered, which the defendant contends are excessive.

In *Schlenker* v. *Risley*, 4 Ill. 483, and in *Ham* v. *Taylor*, 22 Texas, 225, 228, it was held that where the newly discovered evidence is applicable only in mitigation of damages, a new trial will not be granted. We are not prepared to go to the full length of these decisions; but nevertheless, in such a case, we think the court

ought to be extremely careful, and not grant a new trial unless it is very clear that if the new testimony had been before the jury the verdict would be so manifestly excessive that the defendant would be entitled to a new trial on that account.

The plaintiff testified at the trial that before the accident he had never been confined to the house in his life, and had never considered himself nervous, and his wife testified that before it he was perfectly well. The new testimony controverts these statements. It comes mainly from men who worked with the plaintiff in a machine-shop from 1880 to 1884. They testify that during that time he complained much of his back; said it was lame; that he could not do heavy work, especially lifting; that he had been a sailor in his youth, and suffered from shipwreck, and had been in a hospital; and they also testified that he suffered much from piles, and that he lost time from sickness. Some of this testimony is merely cumulative, a witness called by the defendant having testified at the trial that he heard the plaintiff complain of his back in 1884. This, of course, weakens it as a ground for new trial. And furthermore, the plaintiff has introduced counter-affidavits. Affidavits covering the time from 1880 to 1884 have been given by the employers of the plaintiff, who were also employers of the petitioner's affiants. They depose that the plaintiff appeared to be a strong, healthy man; that he did hard and heavy work; that they never heard him complain, and that he lost little or no time from sickness. Other counter-affidavits are even stronger. They lead us to think that much of the defendant's new testimony may be merely an exaggeration, unconscious perhaps, of complaints which it is quite common for men to make who have to do hard or heavy work in a stooping or cramped posture, especially if they happen to have a cold or rheumatism. They do not show that he then complained of the troubles of which he chiefly complains now, namely, nervous debility and disorder.

There was some question at the hearing as to whether counter-affidavits were admissible, the court expressing the opinion that it was not the practice to receive them. Our impression has not been confirmed by subsequent inquiry. In cases where a defendant has failed to answer, or has been defaulted by reason of accident or mistake, and petitions for a trial, supporting his petition

by affidavits to show that he has a meritorious defence, it is not the practice to receive counter-affidavits on that point. In *Ames* v. *Howard*, 1 Sumner, 482, 491, counter-affidavits appear to have been received, and Judge Story refused a new trial because of the conflict of evidence which they disclosed. In *Parker* v. *Hardy*, 24 Pick. 246, affidavits were received to impeach the veracity of the petitioner's new witnesses. See, also, *Williams* v. *Baldwin*, 18 Johns. Rep. 489; *Pomroy* v. *Columbian Insurance Co.* 2 Caines, 260. In *Burr* v. *Palmer*, 23 Vt. 244, the court regarded such affidavits as loose and unsatisfactory, but said they were generally pressed on the court and always received. In *McGavock* v. *Brown*, 4 Humph. 251, the court say that there is no rule of law which will exclude cross-affidavits either in civil or criminal cases, though the practice of introducing them in civil cases ought not to be encouraged. Of course, the court will always use such affidavits circumspectly, when received, to enlighten, not control, its discretion.

There is another consideration. The plaintiff has lived in Scituate since 1842, and near the place of the accident since 1870. If he was subject to serious infirmities prior to the accident, it could hardly fail to have been known to his neighbors. The defendant, though he was informed of the nature of the plaintiff's claim, made no inquiry among them, and the affidavits which he now produces come chiefly from persons living elsewhere.

We are not satisfied that the verdict would be materially reduced in a second trial. On the contrary, all things considered, it is not clear to us, in the light of our experience, that it might not be increased rather than reduced. *New trial denied.*

*Francis W. Miner & William G. Roelker*, for plaintiff.

*Nicholas Van Slyck, Charles H. Page & Franklin P. Owen*, for defendant.