---

### *Ex parte* HILL.

J. A. SPENCER, moved for a mandamus to the Judges of the Court of Common Pleas of *Madison* county, commanding them to vacate a rule setting aside a verdict for irregularity, in an action between *Hill*, plaintiff, and one *Clark*, defendant. The verdict was for *Hill*; and the Court set it aside, on *Clark's* motion, because one of the jurors, during the trial, left the box, without permission of the parties or the Court, went out of doors, and was absent some minutes, returned and took his seat, and joined in the verdict against the defendant. Neither of the parties knew of his absence, till he had been gone some time ; but no testimony was given to the jury while he was gone ; and he spoke with no one, except to tell the constable, who came after him and brought him back, that he was one of the jury.

*If a juror leave his seat for a short time, without the knowledge of the court or parties, but no testimony is given during his absence, and he holds communication with no one on the subject of the cause ; though this be a contempt of court, yet it does not avoid the verdict.*

*J. Platt,* contra:

*Curia.* It is the settled doctrine, that though such conduct as this is a contempt of the Court ; yet it is not a ground for avoiding the verdict. The cases on this subject are all collected by the Reporter, in a note to *Smith* v. *Thompson,* (1 *Cowen's Rep.* 221.) Let an alternative mandamus issue.

Rule accordingly.