ALBANY,
Oct. 1825.

Jackson
v.
Jackson.

JACKSON, *ex dem.* Dox, *against* JACKSON.

EJECTMENT for lots No. 4 and 5 on the west side of Water street, in the village of Geneva, tried June 22d, 1824, before THROOP, C. Judge.

At the trial it appeared that the defendant claimed the lots as the heir of his father Elias Jackson ; and had resided on them for about sixteen years. The most of this time he resided with his mother, who died in possession a few years before the trial. She resided on a part of the premises, which she claimed as tenant in dower. She was reputed to be the widow of Elias Jackson, who, on the 16th April, 1796, mortgaged the premises in question to one Annine. The mortgage was expressed to secure £620, payable the 20th May following, on which day it was registered. It was assigned to one Stoddard, November 2d, 1803, and the assignment was acknowledged and registered in the Clerk's office of Ontario county ; and Stoddard assigned to the lessor of the plaintiff, July 21st, 1823. This assignment was also acknowledged and recorded in the same clerk's office, July 22d, 1823. The equity of redemption of the mortgage was duly foreclosed under a special power of sale, and the title conveyed by the lessor of the plaintiff to his agent, and by the latter to the lessor of the plaintiff, February 7th, 1824. Whether the mortgagor was still alive, was left doubtful by the testimony. He had left the country long since ; and the reports as to his death were contradictory.

The defendant offered to show that the mortgage from Elias Jackson was, in truth, given to Annine, to indemnify him as special bail in a suit against Elias Jackson ; and that Annine had never sustained any damage in consequence of being bail ; that Annine, shortly after the mortgage was given, being inquired of by a subsequent mortgagee of Jackson, declared that his mortgage was not then a lien on the premises.

The admissibility of evidence, if not objected to at the trial cannot be questioned on a motion for a new trial.

One in possession, claiming either as heir, or tenant of a mortgagor has not such an adverse possession as will avoid a deed to the mortgagee, or his assignee, upon a foreclosure.

In ejectment by the mortgagee, or his assignee, or a purchaser under a mortgage, expressly conditioned for the payment of money, evidence that the mortgage was given to indemnify the mortgagee as special bail for the mortgagor, and that no damage had followed his being bail, is inadmissible.

So are the admissions of the mortgagee that the mortgage was not a lien, unless it appear that a subsequent mortgagee was misled by the admission

Jackson
v.
Jackson.

On objection by the plaintiff, to this evidence, it was re jected by the Judge.

Verdict for the plaintiff.

A motion was now made for a new trial, on severa. grounds, which were all overruled by the Court. The only questions, which it is deemed material to notice, are, whether the defence offered was admissible ; and whether there was an adverse possession in the defendant, so as to defeat the deed to Dox, the lessor of the plaintiff.

*E. Williams*, for the defendant, as to the first question cited *Clarke* v. *Henry*, (2 Cowen's Rep. 324.) He said, there was an adverse possession in the defendant, and a descent cast ; and the deed to Dox was, therefore void.

*J. C. Spencer*, contra, cited *Mease* v. *Mease*, (Cowp. 47,) *Wells* v. *Baldwin*, (18 John. 45,) *Meads* v. *Lansingh*, (1 Hopkins' Ch. Rep. 124,) *Jackson* v. *Shearman*, (6 John. Rep. 19,) and *Jackson* v. *Collins*, (3 Cowen's Rep. 89,)

*Curia*, per SUTHERLAND, J. It was made a point, in behalf of the defendant, upon the argument, that the evi-dence to show that the widow of Jackson claimed to hold the premises while she continued in possession, in right of her dower, and also the evidence in relation to the death of Jackson, were improperly admitted. The evidence was not objected to upon the trial, and the propriety of its ad-mission cannot now be questioned.

But it is perfectly immaterial whether Jackson, the mortgagor, was dead or alive. The defendant professed to derive all his title from him. He supposed him dead, and therefore claimed as his heir. But if he was alive, then the defendant was merely his tenant. In neither case could his possession be adverse to that of Jackson, or his mortgagee.

The only question in the case is, as to the admissibility of the evidence offered by the defendant.

The case of *Mease* v. *Mease*, (Cowp. 47,) is conclusive against its admissibility. That was an action of debt up-on bond, conditioned for payment at a day certain. The defendant pleaded that it was given as an indemnity to

the plaintiff's testator against another bond, and that he had not been damnified: to which plea the plaintiff demurred; and the plea was held by Ld. Mansfield to be clearly bad. He held that the agreement stated in the plea, being against the express condition of the bond, it therefore could not be given in evidence. It is to be remarked that, for aught that appears, the agreement was in writing. The plea merely stated the fact. How it was to be made out was not disclosed

The case of *Wells* v. *Baldwin*, (18 John. 45,) is also very analogous to this. That was an action of debt upon a bond conditioned for the payment of money on a fixed day. The defendant pleaded that the bond was given as collateral security for the performance, by the defendant, of a certain contract or agreement between the parties; and stated a satisfactory reason for not performing. The plea was held bad upon demurrer; and Ch. J. Spencer, who delivered the opinion of the Court, after having considered several of the cases, concludes by saying, that it would be against the strong current of authority to admit such a defence. And it is fairly to be inferred that, in his opinion, it was immaterial whether the agreement was in writing or by parol. He says, had the defendant entered into a bond without a condition, and taken from the plaintiff a defeasance in a separate instrument, referring to the bond, &c. then the defeasance might have been pleaded. But here the bond is with a condition, that the defendant shall pay certain sums of money at fixed times; and it would be contradicting and impugning the bond, to admit proof, that instead of paying the money stipulated in the condition, the plaintiff was not to be paid, unless he cleared certain lands in a particular manner.

*Hayford* v. *Andrews*, (Cro. Eliz. 697,) *Meres* v. *Ansell*, (3 Wils. 275,) and *Thompson* v. *Ketcham*, (8 John. 189,) are also in point against the admissibility of this defence.

Proof of the confessions of Annine, that his mortgage was not a lien on the land, were properly rejected. (6 John. Rep. 20. John. Dig. 213, and the cases there referred to.) As between Annine and the subsequent mortgagee, to whom the declarations are alleged to have been made, the

ALBANY,
Oct. 1825.

proof might have been admissible, on the ground of fraud, if shown to have misled or injured him; but not between Annine and third persons.

The motion for a new trial must be denied.

New trial refused.