Mr. Justice ThacheR
delivered the opinion of the court.
Suit upon a promissory note for $500 due January 1, 1840, was instituted against its makers, Graves, White <fc Wells, and Morgan, carpenters, and Finucane. They pleaded non-assump-sit, and payment ad et post diem, with.notice of payments. Upon the trial the plaintiff introduced the note in evidence, *133 and the defendants having proved the signature of William T. Wynn, and that he was the teller of the Union Bank, introduced in evidence without objection, this instrument:
“ Dr. Miss. Union Bank in account with Graves & White. Cm
1841. March 25th. To Cash.$600
Interest on same. 30
To Cr. $630
To be applied to payment of note.
Wm. T. Wynn, Teller.”
Yerdict and judgment were rendered for the defendants, and thereupon a motion for a new trial was made and overruled, and hence this writ of error.
The grounds upon which a new trial was claimed were, that the verdict was not supported by the evidence, but was contrary to the evidence; and that the evidence of the defendants did not support the issues on their part, while that of the plaintiff was full, clear, and not impeached or contradicted.
As to these grounds, it may, in the first instance, be replied, that if the evidence of the defendants did not support their issues, it was irrelevant to the cause, and should have been objected to when offered. But it is manifestly too late, after evidence has been admitted without objection, to take any exception to it on an application for a new trial. 5 Cow. 173: 11 Johns. 128; Carter v. Taylor et al., 6 S. & M. 367.
The instrument signed by the teller of the bank, being before the jury without objection, they were warranted in deeming it a legitimate part of the evidence, and so found it to be evidence of payment of the note in full, which accorded with the defendant’s pleas.
In the attitude also of this case, the record does not present enough matter, set forth in proper legal shape, to authorize us to disturb the verdict.
The judgment is affirmed.