HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG, }

---

## STATE v. GEORGE CAMP.

*New Trial. Testimony received from witness not under oath.*

Applications for new trials are founded upon the supposition, that some injustice has been done; and without proof to that effect the application will be denied.

After a verdict of guilty, upon an information for a misdemeanor, a new trial will not be granted, for the alleged reason that a witness upon the part of the prosecution testified to material facts without being sworn, when it is not alleged in the petition, that the respondent and his counsel were ignorant of the fact, that the witness was not sworn, until after the verdict was rendered, and it is not shown, that the respondent has thereby sustained any injury, or that the statements made by the witness were not true.

INFORMATION for suffering a bowling alley to be used for play, contrary to the statute of November 3, 1847, after its use had been forbid by the selectmen of the town in which it was situated. The facts are sufficiently stated in the opinion of the court, which was delivered by

KELLOGG, J. This was an information against the respondent for a misdemeanor in keeping a bowling alley in violation of a statute law of the state. Upon trial in the court below, the respondent was found guilty by verdict of the jury. No exceptions were taken upon the trial, but after the verdict was rendered, and during the term, the respondent filed his motion to have the verdict set aside and for a new trial, for the reason that at the trial the prosecuting officer, in support of the prosecution, introduced, without objection, one Hutchinson as a witness, who without being sworn, testified to material facts in support of the prosecution, which were submitted to the jury. And for this cause the respondent insists, that a new trial should be granted. The county court overruled the motion.

It does not appear, that during the trial the matter was brought to the notice of the court, or that any objection was made to the witness, or that, at that time, it was known either to the attorney for the state, or to the respondent, that the witness when he gave his testimony, had not been sworn. Perhaps the fact, that the witness had not been sworn, was unknown to the respondent and his counsel until after the case was committed to the jury. This, however, is not alleged in the motion, nor is there any proof, that the fact of the witness not being sworn was unknown to the respondent at the time of trial. If it was known to the respondent, and he made no objection, it may, perhaps, well be questioned, whether his silence, under such circumstances, should not be held a waiver of all objection. If the respondent *consented* to take the statement of the witness without his being sworn, we apprehend its reception would be no ground for a new trial. Graham on New trials 199. *Jackson* v. *Jackson*, 5 Cow. 173. *Abbott* v. *Parsons*, 7 Bing. 563. The reception of the evidence, however, without the witness being sworn, was doubtless an inadvertancy. That this was an irregularity is admitted ; but the inquiry is, whether it is such an irregularity, when applied to the present case and under the circumstances attending it, as requires that the verdict should be set aside.

If this were a civil suit, though for a penalty, it seems to us to be very clear, that this motion could not prevail. *Jackson* v. *Cady,* 9 Cow. 140. *Wait* v. *Maxwell,* 5 Pick. 217. The court will intend, that what was not objected to was received by consent. And is there any material difference between such a suit and this prosecution? This prosecution is in form a criminal proceeding; but it is a prosecution for a misdemeanor, and is, in *effect,* nothing more than a proceeding to recover a *pecuniary penalty.* The character of the offence is not determined by the *remedy,* but by the *penalty* attached to it. We are not aware of any principle of law, which requires the verdict in this case to be set aside for the reasons assigned in the motion. If there be any such principle, we do not see, why there would not be equal propriety in applying it to an ordinary civil suit. But however this may be, it appears to us, that no sufficient cause is shown for setting aside the verdict.

It is not alleged, that the respondent and his counsel were ignorant of the fact, that the witness Hutchinson was not sworn, until after the verdict was rendered; nor is it shown, that the respondent has sustained any injury, or that the statements made by the witness to the jury were not true. To justify setting aside the verdict, it must appear, that the respondent has sustained some injury, or at least that there is *probable cause* for believing, that he has sustained injury. Nothing of this, however, appears in the case. I am not aware, that the precise point here presented has ever been judicially determined. Cases of application, however, to set aside verdicts for the misconduct of the jury, have frequently occurred.

In *The King* v. *Woolf et al.,* 1 Chit. R. 401, which was an indictment for a misdemeanor, a motion was made to set aside the verdict, for the reason that the jury separated before the verdict was delivered. It appeared, that the respondents and their counsel were *ignorant,* that the jury had separated before finding their verdict, and it not appearing that the respondents had been injured by the separation of the jury, it was held not to be sufficient cause for setting aside the verdict. So it was held at an early period, that if the jury separated from *inadvertence* and no abuse followed, though punishable by fine, it would not avoid the verdict. Barnes 441. It is said in some of the cases, that such applications are confined to the question of *abuse,* and that they are invariably denied, where *no*

XXIII. 70

*injury* has ensued. Graham on New Trials 85. *Smith* v. *Thompson*, 1 Cow. 221. *Horton* v. *Horton*, 2 Cow. 589. *Ex parte Hill*, 3 Cow. 355. *State* v. *Babcock*, 1 Conn. 401. *Burrill* v. *Phillips*, 1 Gall. 360.

These authorities show, that a separation of the jury, before their verdict is found, though an irregularity, for which the jurors may be punished, does not vitiate the verdict, unless the separation occasions some injury; and this is not to be presumed, but the burden of proof is upon the party, who seeks to set aside the verdict. Applications for new trials are founded upon the supposition, that some injustice has been done; and without proof to that effect, it is believed, that the applications are invariably denied. In the present case, if the ground of objection to the verdict, upon which the motion is founded, was not waived by the respondent, the motion is not sustained by any proof, that injustice is done him by the verdict. The motion was therefore properly overruled by the court below.

Judgment that the respondent take nothing by the exceptions.