## WILLIAM P. BRIGGS *v.* ROLLA GLEASON AND LEVI WHITCOMB.

### *New trial. Surprise. New discovered evidence.*

It is not a sufficient reason for granting a new trial on the ground of surprise, that the opposite party neglected and refused to introduce a deposition taken by them, the introduction of which would have enabled the petitioner to have used a counter deposition of the same witness, which, on account of the deponent's interest, could only be used as rebutting to that of the adverse party.

A new trial should not be granted on the ground of surprise, except in a strong case, where the party neglected, at the proper time, to move for a continuance.—BENNETT, J.

A new trial, on account of newly discovered evidence, should not be granted unless the court feel well assured that injustice has been done, and that a new trial would lead to a different result.

Nor should a new trial for new discovered evidence be granted, where the jury have returned a general verdict, and it does not appear how they found the question upon which the new discovered testimony has a bearing.

In this case a new trial was refused,—the new discovered evidence being that of two witnesses, one of whom had given a counter deposition which would probably destroy the credit of his testimony before a jury, and the other testifying only to what was said in a casual conversation which took place many years ago, and in which a slight variation of the phraseology would destroy its force; a motion for a new trial, for the same cause, having been made and denied in the county court; and the jury having returned a general verdict, and it not appearing how they found upon the particular question to which the new discovered testimony applied.

*Quære,* Whether, upon common law principles, a new trial should be granted on the question whether or not a person summoned as a trustee should be held chargeable.

PETITION FOR A NEW TRIAL on the ground of *surprise,* and of *new discovered evidence.*

In October, 1845, the petitioner commenced a suit in his favor, returnable to the Chittenden county court, against one Alexis Chandler, in which the petitionees were summoned as the trustees of the said Chandler. They appeared, and in answer to the plaintiff's interrogatories, disclosed that on the 11th of November, 1849, they purchased of Chandler, about fifty acres of land and sixty tons of hay, for which they gave their note payable to Truman Chittenden, which they had since paid; and that the purchase was absolute. The plaintiff filed allegations, alleging that said purchase was not absolute, but only for their security for giving said note to said Chittenden, &c., which were traversed and tried by jury, at the September Term, 1853, when a general verdict was returned that the trustees were not indebted, and that they had no goods, chattels

or effects of the said Chandler in their hands or possession. Previous to the trial, the trustees procured and filed in the county clerk's office a deposition from the said Chandler; and thereupon the plaintiff procured and filed a further deposition from the said Chandler, containing, as the plaintiff alleged, material evidence in his favor; but upon the trial the trustees did not present or use the deposition taken by them, and that taken by the plaintiff was objected to, and excluded on the ground that the deponent had an interest on the side of the plaintiff.

The petitioner, in his petition, alleged that he was surprised by reason of the objection to and rejection of said deposition,— and that since the trial he had discovered new and material evidence, viz : the testimony of one Jerry Higley, who deposed that the petitionee, Gleason, told him that the land was deeded by Chandler, to said Gleason and Whitcomb to secure them for money they had let him have or for notes they had signed for him,— and the testimony of one Frederick G. Hill, who deposed that in a conversation respecting a judgment obtained in favor of Truman Chittenden, against the said Gleason and Whitcomb, upon a note to the said Chittenden, signed by said Gleason and Whitcomb, he understood from Gleason " that said debt was not his and Whitcomb's to pay, but that it was given for somebody else," but for whom the deponent could not state.

Upon the hearing, the petitionees introduced and read a counter deposition from Jerry Higley, contradicting the statements contained in the one given to the petitioner; and it was shown that a motion for a new trial, for the same reasons set forth in the petition, was made and overruled in the county court. The depositions, and the judge's minutes of the other testimony, used in the county court, were read, and their purport so far as material, appears in the opinion of the court.

*Wm. P. Briggs, pro sè,* cites *Beckwith* v. *Middlesex,* 20 Vt. 593. *Parker* v. *French,* 18 Vt. 460.

*Maynard & Mead, and Geo. F. Edmunds,* for the petitionees, cite *Myers* v. *Brownell,* 2 Aik. 407.   *Bullock* v. *Beach et al.,* 3 Vt. 73.   *Shepherd et al.* v. *Hayes,* 16 Vt. 486.   *Middletown* v. *Adams,* 13 Vt. 285.

The opinion of the court was delivered by

BENNETT, J. A new trial in this case is sought upon the ground of new discovered evidence. The petitioner had brought his action against one Alexis Chandler, and the defendants in this petition had been summoned as his trustees; and in a jury trial between the plaintiff and the trustees, they had been found, by a general verdict of the jury, not to be chargeable; and on the trial of the case it seems to have been a material question whether the deed from Chandler to the trustees, was in fact to be treated as a mortgage deed, notwithstanding it was absolute upon its face.

We think there is no sufficient reason for opening this cause for another trial upon the ground of surprise. Though the trustees had taken the deposition of Chandler, yet the plaintiff must have understood that the trustees were under no obligation to use it on trial; and if they did not use it, most certainly the plaintiffs could not be surprised in not having an opportunity to rebut it, and doubtless the county court were right in rejecting the testimony of Chandler, when offered by the plaintiff, upon the ground of interest, to establish in himself an equity of redemption; and indeed that question was carried to the supreme court at the last term, but, I believe, surrendered without argument.

If a party is surprised on trial, it is much more proper for him to make it a ground for an application for a continuance of the case, in the sound discretion of the court, than to lay by, and if cast in the suit to seek to open the cause anew by petition for a new trial. And indeed, I should apprehend, it must be a strong case which would induce the court to grant a new trial, where the party neglected, at a proper time, to move for a continuance.

To induce the court to grant a new trial for newly discovered evidence, they should feel assured that injustice has been done, and that a new trial would lead to a different result. This ground for a new trial must rest on the testimony of young Higley and F. G. Hill; and in regard to Higley, he has so thoroughly impeached, himself by his counter-deposition taken by the petitionees, that the plaintiff feels constrained to admit that his testimony could have little or no weight with a jury. This ground of the application must rest mainly, if not wholly, on the testimony of Mr. Hill.

It seems that Truman Chittenden, as it appeared upon the trial,

from his deposition, in 1839, let Chandler have some $280, and took the note of Gleason and Whitcomb for the same, and his deposition, more or less, may tend to show that the note was given for Chandler, and that they held the land as security, but this is no part of the new discovered evidence. The statement of Mr. Hill, who had Mr. Chittenden's note for collection, that Mr. Gleason, when he wanted to get time upon the note, stated "that it was not his and Whitcomb's debt to pay, but that it was given for somebody else," may have a tendency to prove the deed of Chandler a mortgage; but it could not be of much account. The conversation was a casual one, and took place some years since, and a slight variation in its phraseology would take away its whole force. We are to presume that the verdict of the jury was rendered upon a fair balance of testimony; and we can hardly feel any degree of confidence, if the testimony of Mr. Hill had been put in, that it would have changed the result.

Again it appears on this hearing that a motion was made for a new trial, before the county court who tried the cause, for the same reasons which are now urged before us why we should open the case, and that that court denied the motion after a full hearing. Though we might not regard this decision of the county court, as a bar conclusively; yet it should have very considerable weight in the exercise of a sound discretion. The county court had a more perfect knowledge of the trial than it is possible for us to have, and could more correctly judge of the probable effect of this new discovered evidence upon a second trial than we can. But what must be conclusive against this application, as the the case now stands, is, that it does not appear how the jury found the question which now labors. The verdict being general, that the trustees were not chargeable, it may be that they found the deed a mortgage, and still that the trustees, in equity, had no funds of the principal debtor in their hands.

It is a question of some importance whether this court, upon common law principles, will grant a new trial on the question whether the trustees should be held chargeable or not. The proceeding against the trustees is collateral to the main issue, and the judgment an interlocutory one; and in the present case, the principal debtor is in no way before the court, or in any way a party to the proceed-

ings. But we have no occasion to examine this point, and much less express any opinion relative to it. The reasons for denying this petition are, we think, ample, and the petition is dismissed with costs.