WILLIAM LINDSEY AND WIFE *v.* THE TOWN OF DANVILLE.

*Evidence. Highways. New Trial.*

In an action in the name of husband and wife to recover for personal injuries to the wife, the defendant introduced testimony to prove that the husband, soon after the injury, in the presence of his wife, told the witness that the infirmity of his wife was caused by overwork in gathering and boiling sap. *Held*, that it was competent for the plaintiff to show by the same witness, and as part of the same conversation, that the wife then denied her husband's statement, and declared that she had not gathered and boiled sap.

Towns are bound to construct highways reasonably sufficient with reference to such accidents as should be expected occasionally to occur.

A new trial will not be granted on the ground of newly discovered evidence, when such evidence is not decisive in character, nor when, by due diligence, the party could have produced the evidence at the former trial.

CASE to recover for an injury to the wife of the plaintiff, William Lindsey, occasioned by the insufficiency of a highway in the town of Danville. Plea, the general issue, and trial by jury, December term, 1871, Ross, J., presiding. Verdict for the plaintiffs, and exceptions by the defendant.

And now at this term the defendant preferred a petition to this court for a new trial, upon the ground of newly discovered evidence, and the exceptions and petition were heard together. The opinion discloses all material facts.

*B. N. Davis, C. H. Davis,* and *Dickey & Smith,* for the defendant, upon the question raised by the exceptions, cited *Alban et als.* v. *Pritchett,* 6 T. R. 680 ; and upon the question of a new trial, *Gilman* v. *Nichols,* 42 Vt. 313.

*O. S. & C. C. Burke,* for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, J.   This action is to recover damages for alleged injuries to the wife, by reason of an insufficient highway in the town of Danville.

I.   The defendant offered evidence tending to prove that the plaintiff, William Lindsey, in the presence of his wife, declared to the witness, soon after this alleged injury, that the wife's infirmity was caused by hard work in the sugar-place in gathering and boiling sap.   The plaintiff then offered to prove by the same witness, and as a part of the same conversation, that the wife denied her husband's statement as to herself, and declared that she had not gathered and boiled sap.   The testimony was admitted, notwithstanding defendant's objection.

The testimony was clearly admissible.   The wife is the party plaintiff; and the right to prosecute the suit would survive to her, on the death of the husband.   The declaration of the husband would derive its main force from the presence of the wife, and her implied assent.   A party affected by a conversation, or declaration, if used against him, is entitled, as a matter of right, to the *whole.* • And it would be very unreasonable and unjust that the wife, who repelled the suggestion at the time, as unfounded and untrue, must be left under the implication that she assented to it. The defendant may elect whether the conversation shall be put in evidence.   But if the evidence is offered, the plaintiff is entitled to the whole.   The defendant can take nothing by the exceptions.

11

II. The petition for new trial discloses that the highway was insufficient, and that the plaintiff, Mrs. Lindsey, was, by the casualty, considerably injured. The holdback slipped over the iron, and let the wagon on to the horse's heels. Whether this condition of the harness evinced such negligence and want of care as to preclude the plaintiff's recovery, or should be referred to the concurrence of *accident* with an insufficient highway, in which case the plaintiff would not be barred, was a question of fact for the jury. Northrop, who was improved as a witness for the plaintiff, on the trial, now testifies that the holdback shown to the jury was not the one on the harness at the time of the accident, and that he was aware of the fact at the time he testified. If we were satisfied that the plaintiff *fraudulently* introduced in evidence another holdback, to deceive and mislead the jury, we should feel strongly inclined to grant a new trial, though we felt no very strong convictions that another trial would result in a different verdict. But we do not think the inference warrantable that plaintiff purposely perpetrated a fraud. Nor is it certain that the witness Northrop may not have been mistaken. Yet, if another holdback was, by mistake or otherwise, produced in evidence, it could not be very certain evidence of *negligence.* It was not claimed that it was made of improper material, or defective in form, or strength, but that it should have been buckled closer round the thill. And the fact that it slipped over the iron, renders it quite certain that there was a defect in this part of the tackle. And this is true in all cases where the harness or carriage gives way; as when a buckle gives out, a holdback breaks or slips, or a bolt or nut becomes loose, or lost. Such casualties often do, and are expected, occasionally, to happen; and our courts have repeatedly held that towns are bound to construct highways reasonably sufficient with reference to such accidents as should be expected to occur. The jury must have found the highway insufficient, and the holdback defective, in that it buckled too loosely round the thill; but the plaintiff not guilty of negligence. And we feel no assurance that the jury would not arrive at a like conclusion, with the benefit of Northrop's testimony.

As to the other testimony attached to the petition, we think it not decisive in character, and that due diligence would have procured it for the trial before the jury.   There is often in such cases a disposition to reticence among witnesses, until after the trial.   But it is obvious that a diligent search, at the time, for all those who were present, or had the opportunity of seeing the occurrence, would have found the witnesses, whose affidavits are relied upon by the petitioner.

The petition for new trial is dismissed, with costs, and the judgment of the county court is affirmed.