## W. J. REYNOLDS *v.* F. V. HASSAM.

*Parol Evidence.   New Trial.   Jury tampered with.*

1.  Parol evidence is admissible to prove the terms of a verbal contract, the performance of which was secured by a chattel mortgage, the contract not having been set out in the mortgage.
2.  NEW TRIAL. The new evidence must be so conclusive as to raise a "strong probability" of a different result in another trial; and, although the court would be inclined to relax this rule if it were satisfied that a witness had been corruptly tampered with, and that thereby the petitioner was surprised, but, when the evidence is such that a decision on this point would be mere guess-work, and the amount in controversy small, the court dismissed the petition.

ASSUMPSIT.   Plea, general issue.   Trial by jury, May Term, 1882, ROWELL, J., presiding.   Verdict for the defendant.   The parties made a verbal trade for the sale of some lumber; and at the same time and as a part of the same transaction the plaintiff gave to the defendant a chattel mortgage of the lumber and other property to secure the delivery of the lumber.   The defendant offered to prove by parol, that by the terms of the contract, he was not bound to receive and pay for the whole lumber.

*Hunton & Stickney*, for the plaintiff.

*J. J. Wilson*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J.   The ruling of the County Court did not conflict with the rule that, when a contract is in part in parol and in part in writing, the writing is conclusive as to what it contains. The mortgage was given, as expressed in the exceptions, "to

29

secure the delivery of said lumber according to his contract." Its object was not to set forth a contract, but to secure the performance of one existing in parol. Even if the mortgage was intended to correctly express the contract in part, or to be what the court below termed a "repository" of the terms of the agreement in part, the evidence received was not inconsistent with what was there written. It is conceded the writing did not contain the whole contract. In such a case, proof of the part not in writing is admissible if not inconsistent with the part written. *Winn* v. *Chamberlin*, 32 Vt. 320. We find no error in the exceptions, and the judgment is affirmed.

The petition for new trial is put on the ground of surprise in the testimony of one of the plaintiff's witnesses, and newly discovered evidence. The plaintiff claims that this witness told a different story upon the stand, upon a material issue, from what the plaintiff had reason to expect he would tell, and that at that time the plaintiff did not know of any further evidence in his behalf on that issue, but has since discovered it. The plaintiff's evidence tends to sustain these claims; but we do not think the new evidence is so conclusive and decisive in character as to raise "strong probability" of a different result in another trial, which is the requirement in this State. *Burr* v. *Palmer*, 23 Vt. 244; *Stearns* v. *Allen*, 18 Vt. 119; *Lindsey* v. *Danville*, 45 Vt. 74.

It is argued that this witness was corruptly tampered with by the defendant. If we were satisfied of this we should be inclined to grant a new trial although the newly discovered evidence was not apparently so conclusive as the law requires; but, while there is enough in the record to warrant some suspicion of corruption, the evidence lacks sufficient strength to raise an affirmative decision on this point above mere guess work. The whole amount in controversy is small, and it is especially so on the question whether the agreement was to pay $12 and $14 per M., for respective portions of the lumber, or to pay $15 per M. for the whole of it; which was one of the three main points of contention, and is the one in respect to which the claim of

surprise and corruption is charged as the ground for a new trial. This is one of the considerations to be regarded in passing upon a petition for a new trial.

The record fails to produce that feeling of assurance that injustice has been done, and that a new trial would in all probability lead to a different result, which is required. *Middletown v. Adams* 13 Vt. 286 ; *Briggs* v. *Gleason*, 27 Vt. 114 ; *State* v. *Camp*, 23 Vt. 551.

Petition dismissed with costs.