## Arthur A. D'Archangelo

### v.

## Alexander Loyer

[215 A.2d 520]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*Harrington and Jackson* for plaintiff.

*Albert W. Coffrin* and *Douglas C. Pierson* for defendant.

**Smith, J.** The plaintiff, a lieutenant on the Police Force of the City of Burlington, received personal injuries as a result of a rear-end collision when the vehicle which he was driving was struck by the vehicle driven by the defendant. Suit was brought in the Chittenden County Court and the cause was tried on December 8 and 9, 1964 in the Chittenden County Court. Defendant admitted liability and the only question presented to the jury was that of damage. A verdict in the amount of $18,000 resulted for the plaintiff. Defendant has taken his appeal here from the resultant judgment. The principal question presented by the appeal is whether the plaintiff was entitled damages for lost wages for those periods when he received compensation from the City of Burlington, although not working.

Viewing the evidence in the light most favorable to the plaintiff, it appears that he lost 16 weeks from his police work as a result of the personal injuries received in the accident. Under the terms of his

employment contract with the City of Burlington, Lt. D'Archangelo received 12 weeks from the City full pay and 4 weeks at half pay; during this period he was unable to engage in his employment. By reason of his employment contract the plaintiff was permitted to accrue 4 weeks at full pay and 4 weeks at half pay during each year, but with a total accumulation of two years. The Police Commission of the City has the power to extend double year benefits in its discretion.

The charge of the trial court with respect to the loss of earning of the plaintiff, to which the defendant excepted, is quoted below.

"With respect to loss of wages, the plaintiff has testified he lost sixteen weeks of employment as a result of the injuries he received in the accident of January 19, 1963. He also testified that his sick leave paid him for all but four weeks at one-half pay. The fact that the plaintiff was fortunate enough to have sick leave by virtue of his contract of employment is nothing that can accrue to the advantage of the defendant. You will disregard the sick leave payment of wages if you are satisfied in all other respects that the plaintiff lost sixteen weeks of wages as the proximate result of this accident."

The exception of the defendant to this portion of the charge was: "Defendant has just one exception, dealing with the sixteen weeks during which the plaintiff was not on the job and that entire portion of the charge is, specifically, that the jury should disregard the sick leave contribution. It is the position of the defendant that the evidence in this case on this particular subject matter does not provide a sufficient foundation for such a charge and that the court might have properly charged that the jury could consider that the plaintiff had used up his accrued sick leave as a result of his alleged injuries. It is further the position of the defendant that sick leave, as was testified to in this particular case, on the part of the plaintiff, was not in the nature of indemnity payments, but something he earned over a period of time to provide for such an emergency as occurred in this particular case, referring to the 'Emergency' as the injuries which the plaintiff states that he sustained as a result of this accident."

The basis of defendant's exception to the charge, and the substance of his brief here, is that the compensation received by the plaintiff should have been considered by the jury in mitigation of his loss of wages claim in his suit for damages.

This Court has never ruled directly upon the narrow question of

the relevancy of sick leave payments received by a plaintiff in evaluating a "loss of wages" claim made by such plaintiff. However, relevant to the issue presented and decisive of it, was the holding of this Court in *Northeastern Nash Automobile Company, Inc.* v. *Allen Bartlett,* 100 Vt. 246, 136 Atl. 697.

The Northeastern case was an action of tort for the conversion of an automobile. It was the defendant's contention that the plaintiff had been paid in full by some insurance company for the loss of his vehicle. The argument presented to the Court was that since the plaintiff had received pay for the loss of the car, he could not maintain a suit against the defendant for such damages.

Speaking for the Court, on p. 258 of the opinion, Justice Slack made the following statements:

"It is not of the slightest consequence who reimbursed plaintiff, or under what circumstances, if defendant was not connected therewith, and there was no evidence to warrant an inference that he was. The thief who takes my property cannot escape liability to me simply because some insurance company, or my friends or neighbors, have compensated me for my loss. It is uniformly held in actions for injuries resulting from fire or accident that the fact that plaintiff has received compensation by way of insurance cannot be shown in reduction of damages. (citation omitted) . . . Nor can it be shown for such purpose that plaintiff has been compensated in whole or in part, by charitable subscriptions."

Quoted then, with approval, from *Weber v. Morris & Essex R. R.,* 36 N.J. Law, 213, is:

"A person committing a tort cannot set up in mitigation of damages that somebody else, with whom he has no connection, has either in whole or in part indemnified the injured party."

This part of the opinion is ended with the statement:

"Neither can such payment or indemnity be shown in defense of the action."

It is true that in the instant case the plaintiff did not receive his so-called "sick pay" through payment from an insurance carrier. It was received from the municipality for which he worked, by reason of his contract of employment with such city. The factual situation was almost identical with that presented in the case of *Shea v. Rettie,* 192 N.E. 44 to the Supreme Judicial Court of Massachusetts. In that

case, the plaintiff was also a policeman injured by a collision sustained with defendant's automobile. Salary payments were made to the plaintiff during his period of disability by virtue of police department regulations. The defendant claimed that during the period when plaintiff received from the city, he was freed from his obligation to compensate the plaintiff for the impairment of his capacity to labor caused by the negligence of the defendant.

In referring to the fact that the plaintiff police officer received payments of wages during his disability because of his contract of employment, the following statement appears in the opinion, page 45:

"That right is a part of his contract of employment. By rendering the services he is employed to perform he furnishes consideration for that as well as his other terms of the contract. The obligation to make such payments is included in the consideration furnished by his employer. A payment made under the rules and regulations is not for wages earned but for disability arising in the performance of duty."

On page 46 the opinion states:

"The plaintiffs who under a contract were entitled to disability payments from the city ought not in reason to be held to be in any other position than if the payments came from an insurance company under a policy providing accident or disability insurance."

What the defendant in the case before us is really seeking to establish is a right of subrogation to the benefits received by the plaintiff through a contract of insurance paid for by the plaintiff. The effect would be to deprive the plaintiff of benefits which he earned for the purpose of diminishing the liability of the defendant for the consequence of his negligent acts.

"There is no joint relationship between the city whose obligation to the plaintiffs arises under a contract of employment providing for payments to be made to a police officer absent from duty because of sickness or injury due to any cause and the defendant whose obligation originates in his wrongful conduct. The duty imposed by law upon him is to compensate the plaintiffs for all the damage done by his negligence including impairment of earning capacity. That obligation is not fulfilled because it happens that the plaintiffs have a contract with the city which entitled them to be indemnified by disability payments during absence from duty. Compensation for the defendant's wrong is not thereby furnished

by the defendant. Such payments by the city do not concern and should not benefit the defendant. They have no bearing on his liability or upon the extent of plaintiffs' injuries nor do they afford a measure of the plaintiffs' working capacity during their disability. The fact that such payments were made, and their amount, were rightly disregarded by the judge in estimating the plaintiffs' damages." *Shea* v. *Rettie,* supra, p. 46.

This is the rule followed in the majority of jurisdictions. 15 Am. Jur. Damages, § 200, pp. 616-617; 95 A.L.R. 575. In view of our own cases upon a similar subject matter, and in the light of sound logic and reason, we adopt it here, after a careful consideration of the arguments and cases advanced by the defendant for holding otherwise. Defendant takes nothing by his briefed exception to the charge of the lower court in respect to "loss of earnings."

Defendant also has briefed here a contention that the jury should have been permitted to consider the fact that the sick pay benefits were received by the plaintiff in weighing plaintiff's testimony that the accident disabled him from working. In view of the fact that such testimony was before the jury, as indicated by the record, and the further fact that the point sought to be raised here was never brought to the attention of the trial court by either exception, nothing is before us to establish that prejudicial error was committed below. *State* v. *Dolley,* 124 Vt. 376, 377, 205 A.2d 572. The question is not for our consideration.

The entry is *"Judgment affirmed."*