## Arden W. Houghton, Sr. v. M. Martin Leinwohl

[376 A.2d 733]

No. 163-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*John Sartore* of *Paul, Frank & Collins,* Burlington, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendant.

**Billings, J.** This legal malpractice action arose from appellant Leinwohl's failure to bring suit against the St. Johnsbury and Lamoille County Railroad on behalf of Arden W. Houghton, Sr. within the statute of limitations (three years from the date of the accident) as required under the Federal Employers Liability Act (F.E.L.A.) 45 U.S.C. § 51 et seq. A jury returned a verdict of $91,400 for the appellee Houghton. At the end of the appellee Houghton's case in chief, the appellant moved for a directed verdict. V.R.C.P. 50(a). The trial court reserved decision on this motion until after verdict. Later, it denied the motion and, at the close of all the evidence, the appellant failed to renew his motion for a directed verdict. After judgment on the verdict, the appellant did not file a motion for judgment n.o.v., V.R.C.P. 50(b), but subsequently moved for a new trial, and/or remittitur, which was denied. The bases for the motion for a directed verdict were that the plaintiff had failed to establish negligence on the part of the railroad, had failed to sustain its burden of proof in establishing a causal connection between the alleged negligence and the alleged resulting injuries, and that the trial court had erred in refusing to admit into evidence plaintiff's retirement benefits in mitigation of damages. V.R.C.P. 59. Defendant now appeals.

When a motion for a directed verdict made at the close of the plaintiff's case is denied, the motion is waived, unless renewed at the close of all of the evidence. V.R.C.P. 50 (Reporter's Notes); *B. & P. Rambler & Sports Car Center* v. *Dawson,* 126 Vt. 392, 393, 233 A.2d 50 (1967); *Berry* v. *Whitney,* 125 Vt. 383, 385, 217 A.2d 41 (1966); 2B W. Barron & A. Holtzoff, Federal Practice and Procedure § 1074, at 370 (Wright ed. 1961). This rule applies even though a decision on

the motion made at the close of the plaintiff's case is reserved for later determination. *Moran* v. *Raymond Corp.*, 484 F.2d 1008 (7th Cir. 1973); *Hiebert Contracting Co.* v. *Trager*, 274 F.Supp. 801 (D. Mass. 1967); 5A J. Moore's Federal Practice ¶ 50.05[1], at 2342 (2d ed. 1975). The appellant, having waived the motion for a directed verdict, did not and could not file a motion for judgment n.o.v. V.R.C.P. 50; *Nauceder* v. *Howard*, 127 Vt. 274, 278, 247 A.2d 76 (1968); 5A J. Moore's Federal Practice ¶ 50.08, at 2357 (2d ed. 1975). As a result, the appellant is unable to test the sufficiency of the evidence as a matter of right.

■ Appellant filed a timely motion for a new trial, V.R.C.P. 59, and that motion is addressed to the sound discretion of the trial court. Its decision is not reviewable here except for a manifest abuse of discretion. *Weeks* v. *Burnor*, 132 Vt. 603, 609, 326 A.2d 138 (1974); *Dashnow* v. *Myers*, 121 Vt. 273, 278-79, 155 A.2d 859 (1959); *Belock* v. *State Farm Mutual Fire Insurance Co.*, 106 Vt. 435, 439, 442-43, 175 A. 19 (1934); 6A J. Moore's Federal Practice ¶ 59.08(5), at 59-153 (2d ed. 1974). The burden of showing an abuse of discretion is on the movant, and this Court, on review, will indulge every reasonable presumption in favor of the trial court's decision. *Belock* v. *State Farm Mutual Fire Insurance Co.*, *supra*, at 443. No abuse of discretion is shown on the record before us.

■ Appellant contends that the appellee's injuries were not incurred within the scope of his employment. Under F.E.L.A., injuries sustained in any activity allied to the general duties of a railroad worker are deemed incurred within the scope of his employment. *Erie Railroad* v. *Winfield*, 244 U.S. 170, 61 L.Ed. 1057 (1917); *Bailey* v. *Central Vermont Railway*, 113 Vt. 433, 436, 35 A.2d 365 (1943). Here the appellee was aiding in the unloading of oil barrels used at the repair shop to which he was assigned. This is clearly within the scope of the appellee's employment.

■ Appellant also contends that the appellee failed to produce sufficient evidence to show negligence on the part of the railroad. The Act provides that an employer shall be liable for injuries to an employee resulting "in whole or in part" from the negligence of the railroad. 45 U.S.C. § 51. What constitutes negligence under the Act is a federal question. *Urie* v.

*Thompson*, 337 U.S. 163, 174, 93 L.Ed. 1282 (1949); *Bailey* v. *Central Vermont Railway*, 113 Vt. 8, 28 A.2d 639 (1942), *rev.*, 319 U.S. 350, 87 L.Ed. 1444 (1943). The proof necessary to make out a case for jury determination under the Act is considerably less than that required for common law negligence actions.

> While it is still undoubtedly true that there must be some shreds of proof both of negligence and of causation, and that "speculation, conjecture and possibilities" will not be enough, there appears to be little doubt that under the statute jury verdicts for the plaintiff can be sustained upon evidence which would not be sufficient in the ordinary negligence action. [W. Prosser, Law of Torts ¶80, at 536 (4th ed. 1971); cf. *Rogers* v. *Missouri Pacific Railroad*, 352 U.S. 500, 508 (1957).]

Our review of the record found that the evidence of negligence introduced in not providing a safe place to work fulfilled the liberal requirement of *Rogers*. The trial court's decision to submit the issue to the jury was without error.

Appellant further contends that there was insufficient evidence to submit the issue of medical causation to the jury. Unlike the degree of proof required in common law negligence actions or workmen's compensation cases, the right of a jury, under F.E.L.A. claims, to pass upon the question of causation is most liberally viewed.

> Under the [F.E.L.A.], the right of the jury to pass upon the question of fault and causality must be most liberally viewed. And for purposes of its right to pass on these elements, the jury's power to engage in inferences must be recognized as being significantly broader than in common-law negligence actions. [Citations omitted.] The scope of that power extends materially beyond the traditional concept of speculation applied in common law actions. In the liberality entitled to be exercised as to probative relevance and required to be recognized as to inferences thereon, it is only necessary that the jury's conclusion be one which is not outside the possibility of reason on the facts and circumstances shown.

*Chicago, Rock Island & Pacific Railroad* v. *Melcher*, 333 F.2d 996, 999 (8th Cir. 1964). The requirements of the law of evidence

are met without expert testimony where the facts to be proved are such that any lay person of average intelligence, from his knowledge and experience, could reach the necessary conclusions, and only in cases where the causal connection is obscure is expert testimony required. *Tracy* v. *Massachusetts Bonding & Insurance Co.*, 121 Vt. 371, 374-75, 159 A.2d 86 (1960); *Burton* v. *Holden & Martin Lumber Co.*, 112 Vt. 17, 19, 20 A.2d 99 (1941). In the case at bar, we do not have any such obscure causation in that the appellee, upon lifting the barrel of oil, immediately felt "a very, very bad strain," and his disability followed the injury closely. This tends to suggest to the intelligence of the ordinary person that it was related to the lifting. The evidence was not, however, completely lacking of medical testimony. On the following day, after an examination, Dr. Goddard testified he diagnosed low back strain. Under the F.E.L.A. standards, the trial court was correct in submitting the medical causation issue to the jury.

■ Finally, appellant asserts that the trial court abused its discretion by excluding from evidence for purposes of mitigating damages the pension benefits received by the appellee under the Railroad Retirement Act. The trial court's ruling is without error because it is clear under both federal and state law that collateral source benefits are inadmissible in mitigation of damages. *Eichel* v. *New York Central Railroad*, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963); *D'Archangelo* v. *Loyer*, 125 Vt. 325, 329, 215 A.2d 520 (1965).

*Affirmed.*