**Paul Meacham and Annette Meacham v. Kawasaki Motors Corp., Inc., Aris Hirotake Shoten Co. and Accessories Distributing, Inc.**

[421 A.2d 1299]

No. 316-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 11, 1980

*John J. Welch, Jr.*, Rutland, for Plaintiff.

*Thomas W. Costello* of *Webber and Costello*, Rutland, for Accessories Distributing, Inc.

**Hill, J.** Plaintiff appeals the denial of his motion for new trial of a personal injury action in superior court. Plaintiff was injured in a motorcycle accident. He charged defendant,

the distributor of his motorcycle helmet, with failure to exercise proper care in the design, manufacture, preparation and sale of the protective headgear.

Pursuant to V.R.C.P. 26(b) (4) (A) (i), plaintiff served interrogatories on defendant requesting *inter alia* that the experts expected to be called for trial be identified and that the substance of the fact and opinions of their testimony be stated. Defendant's answer named, among others, Dr. Jim Newman as a possible witness and said he might testify to "opinions relative to the forces, pressures or actions which could produce a rivet damaged similar to the damaged rivet with the Meacham helmet."

In fact Dr. Newman did testify. He followed the appearance of plaintiff's own expert witness, Dr. Egor Paul, taking the stand out of order, by agreement. After identifying the qualifications of Dr. Newman, the following exchange occurred:

Q. Were you here yesterday when Dr. Paul testified?

A. Yes, I was.

Q. And did you observe him explain to the jury the design of this helmet by using an exhibit, plaintiff's 8?

A. Yes, I did.

Q. Now that's [sic] [plaintiff's 8] been admitted, and could you explain the design in any way different or confirm his explanation of it?

Plaintiff objected, claiming the question asked for a response not contemplated by the answer to the interrogatories. V.R.C.P. 26(e) (2). In overruling plaintiff's objection, the judge noted that Dr. Paul was scheduled to return and could respond to Dr. Newman's testimony. Plaintiff continued with the trial.

The jury returned a verdict for defendant. Plaintiff argues that allowing the expert witness to testify on a subject which he claims exceeded the area delineated in defendant's answer to the interrogatories was "inherently unfair." Alleging a failure to amend a prior response to interrogatories, per V.R.C.P. 26(e) (2), plaintiff moved for a new trial. From a denial of that motion, plaintiff appeals. We affirm.

We need not reach the issue of whether defendant's expert witness exceeded the scope of testimony represented in pretrial

discovery. Our basis for decision assumes that it did. Nor are we concerned with defendant's motion in the lower court for a judgment notwithstanding the verdict since denial of that motion was not briefed for this appeal.

■ V.R.C.P. 59 and V.R.C.P. 60(b) allow a court to relieve a party or his legal representative of a final judgment for reason of unfair suprise. However, it is a well-established principle that the failure to request a continuance at the time of surprise, except under extraordinary circumstances, serves as a waiver of the party's right to ask for a new trial. *Bradley* v. *Kelley*, 105 Vt. 478, 488–89, 168 A. 554, 558 (1933); *Shields* v. *Vermont Mutual Fire Insurance Co.*, 102 Vt. 224, 252, 147 A. 352, 364 (1929); *Hemmenway* v. *Lincoln*, 82 Vt. 465, 466, 73 A. 1073 (1909); *Briggs* v. *Gleason*, 27 Vt. 114, 116 (1854). As the Court noted in *Briggs, supra,* at 116:

> If a party is surprised on trial, it is much more proper for him to make it a ground for an application for a continuance of the case, in the sound discretion of the court, then to lay by, and if cast in the suit to seek to open the cause anew by petition for a new trial. And indeed, I should apprehend, it must be a strong case which would induce the court to grant a new trial, where the party neglected, at a proper time, to move for a continuance.

And more recently in *Bradley, supra,* 105 Vt. at 488–89, 168 A. 554:

> [I]f the plaintiff was surprised, he was surprised then, and should have applied to the court for a continuance so that he might have had time and opportunity to prepare for that issue; that since the plaintiff chose to go along without requesting a continuance he is bound by his election, and it is too late now to ask for a new trial.

We do not minimize the need for proper discovery procedures nor provide an out for improper practice. As noted in *United States* v. *Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), modern instruments of discovery and pretrial procedures "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." But a litigant cannot use as grounds

for a new trial a problem which could have been cured at the time it arose.

Plaintiff took no affirmative step to repair any adverse effects of the alleged surprise. He did not ask the court for a continuance, recess or adjournment in order to depose Dr. Newman or otherwise prepare for the testimony. Nor has he shown extraordinary circumstances warranting an exception to the general rule. We recognize that the Vermont cases holding that a failure to ask for a continuance when presented with surprise evidence serves as a waiver of the right to use those grounds for a new trial predate the 1971 promulgation of the Vermont Rules of Civil Procedure. However, there is nothing in those rules which lead us to believe that this policy has in any way been altered. See 48 F.R.D. 487, 508.

■ Another ground exists for affirming the lower court's denial of the motion for a new trial. A timely motion for a new trial, pursuant to V.R.C.P. 59 and V.R.C.P. 60, is addressed to the sound discretion of the trial court. *Houghton* v. *Leinwohl*, 135 Vt. 380, 382, 376 A.2d 733, 736 (1977); *Kotz* v. *Kotz*, 134 Vt. 36, 40, 349 A.2d 882, 885 (1975); 6A Moore's Federal Practice ¶ 59-08[5], at 59-154 (2d ed. 1979). The burden of showing an abuse of discretion is on the movant, and this Court will indulge every reasonable presumption in favor of the trial court's decision. *Waitt* v. *Waitt*, 137 Vt. 374, 375, 406 A.2d 395, 396 (1979); *Houghton, supra,* 135 Vt. at 382, 376 A.2d 733. No abuse of discretion is shown on the record before us.

*Judgment affirmed.*