Town of MIDDLETOWN *v.* JAMES ADAMS.

In petitions for new trial, founded on the discovery of new and material testimony, if such testimony, in the opinion of the court, would not materially affect the result of another trial, a new trial will not be granted.

PETITION for a new trial, founded on the discovery of new and material testimony.

The petitioners set forth, in their petition, that at the September term of Rutland county court, 1838, the petitionee recovered a final judgment in his favor against the petitioners, in an action against them for the neglect or fraud of Cyrus Adams, in his capacity of town clerk of Middletown, in not recording, according to law, two mortgage deeds, executed by said Cyrus to the petitionee, on the third day of June, 1826, to secure the payment of six thousand dollars ; that the petitionee proved, on the trial of said suit, that on the tenth day of June, 1830, Sawyer and Rogers, creditors of said Cyrus, attached the same lands so mortgaged to the petitionee, as the property of said Cyrus, obtained judgment and levied their execution upon a part of said lands in satisfaction thereof, and held the lands, in their own right, by virtue of said levy, having recovered the possession thereof in an action of ejectment against the petitionee, and that the petitionee had been compelled to pay a subsequent mortgage, executed by said Cyrus to one Robinson, in consequence of the said Cyrus not having properly recorded the said mortgage deeds to the petitionee.

The substance of the defence to the action of the petitionee against the petitioners sufficiently appears from the opinion of the court.

The new discovered testimony is that of Levi Mahurin, of said Middletown, from whose affidavit it appears that, in the spring or summer of 1834, in a conversation with the petitionee, relating to a loss he, the affiant, had sustained in consequence of the fraud of Cyrus Adams in not recording, according to law, a deed to one Duncan, the petitionee said that he had a mortgage of the Miner mill lot, which he thought he should lose by, as he told his brother, Cyrus, when he took the deed, that he, Cyrus, 'might record it

Rutland,
February,
1841

Middletown
v.
Adams

back or in a back place, in some way that their affairs should not be known'; that the affiant had never spoken to any one of this conversation until after the suit between the petitionee and petitioners was decided, as he supposed, finally; that the reason why he did not earlier disclose this conversation was, that he hoped, by persuasion, to obtain something from the said Cyrus on account of his loss by said deed to Duncan, and did not wish to offend either the petitionee or the said Cyrus, and that he had, in that way, received some small sums on occount of said loss.

After argument by *E. F. Hodges* for the petitioners, and *R. Pierpoint* for petitionee,

The opinion of the court was delivered by

Royce, J.—The defence to the action, in which a new trial is prayed for, was that the act of the town clerk, in recording the deeds to the petitionee, by copying them upon the blank leaf of a record book, which had been laid aside for some years, and omitting to alphabet them, was done with the knowledge and consent of the petitionee, and with a view to conceal the knowledge of the mortgages from other creditors of Cyrus Adams, the mortgagor.

Much testimony appears to have been given, at the trial of the action, in support of this defence, and in answer to it; but the trial resulted in a verdict and judgment against the town.

The new discovered testimony is that of Levi Mahurin, who deposes that, in the summer of 1834, the petitionee admitted to him that he did consent to have the mortgages recorded in such a manner as to conceal the knowledge of them from third persons.

The question is, whether, for this additional evidence, the court, in the exercise of a proper discretion, ought to open the controversy by granting a new trial.

Upon questions of this sort, the applicant is required to show, first, that injustice has been done, and, secondly, that the evidence newly discovered would, in all probability, lead to a verdict and judgment the other way.

The newly discovered evidence certainly tends to show that the recovery was grossly unjust. For if the course pur-

sued by the town clerk was in fact authorized and assented to by the petitionee, there is no honest pretence for saying that he ought to be recompensed for any loss, resulting from that course of proceeding. Our difficulty is upon the other point, and not upon the ground that the new evidence is cumulative, but lest it should prove altogether inconclusive.

It is not our duty to renew a doubtful controversy. We are therefore to estimate the probable effect of this evidence, in view of those obvious considerations which would not fail to be urged in derogation of its credit and value.

It is testimony to a private confession, of remote date, and, as such, to be received with considerable allowance, especially, as the length of time may have caused the witness toforget the precise terms of the admission, or the connection in which if may have stood with other declarations going to explain or qualify it.

The confession, if really made, as represented by the witness, was of the very fact, and the whole fact,which was required to destroy the petitionee's defence to the acton in favorof Sawyer and Rogers then pending against him. And although the excuse of the witness, for not disclosing the communication, may have reasonably applied to that suit, it seems quite insufficient to account for his silence after his own town was sought to be charged with a heavy claim, known to this witness to be groundless and fraudulent. The fact of such a confession having been deliberately made, is therefore rendered improbable. The confession, if made, was to an inhabitant of Middletown, who was interested to take advantage of it. It is not represented to have been made in any special confidence, express or implied, nor does it appear to have been induced by any motive of interest at the time.

We therefore think the additon of this testimony might not materially affect the result of another trial.

Petition dismissed.