## CASSIDY v. JOHNSON ET AL.

[No. 6,461. Filed May 26, 1908.]

1. PLEADING.—Answer.—Reply.—Injunction.—Diversion of Watercourse.—In a suit to compel defendants to remove an obstruction to a natural watercourse, the overruling of a demurrer to an answer showing that plaintiff obstructed such stream and forced the water upon defendants, is harmless, as is also the sustaining of a demurrer to a reply that one of the defendants, prior to plaintiff's obstructing the stream, had obstructed such stream, thus diverting the water upon plaintiff, such facts being admissible under the general denial to the complaint. p. 699.

2. APPEAL.—Weighing Evidence.—The Appellate Court will not weigh conflicting evidence. p. 699.

3. NEW TRIAL.—Newly-Discovered Evidence.—Cumulative.—Facts Subsequent to Trial.—In a suit to compel defendants to remove obstructions which they placed in a natural watercourse, a new trial because of newly-discovered evidence will not be granted, where such evidence consisted of the effects of an overflow of the stream after the trial, such evidence being cumulative, and also not in existence at the time of the trial. p. 700.

From Perry Circuit Court; *Christopher W. Cook*, Judge.

Suit by Isabella Cassidy against John Daniel Johnson and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Philip Zoercher* and *John W. Ewing*, for appellant.

*John T. Patrick* and *Oscar C. Minor*, for appellees.

COMSTOCK, J.—Appellant, Isabella Cassidy, as a landowner on a natural watercourse, brought this suit against the appellees for a mandatory injunction, praying for the removal of obstructions placed by the appellees in a natural watercourse, to wit, Sulphur fork of the Middle fork of the Anderson river, which obstructions, it is alleged, impeded the natural flow of the water and diverted it upon and over the lands of appellant. Each of the appellees answered by general denial. In addition, appellees Johnson and Gleason separately filed second paragraphs. Said second paragraphs are substantially the same. We give the substance of appellee Gleason's. It alleges that at the time of the grievances complained of he was the duly elected, qualified and acting trustee of Leopold township, Perry county, Indiana, and as such was required to keep general supervision over the highways of said township; that the dams complained of by plaintiff were built in and across a public highway in Leopold township; that the same had been a highway, by uninterrupted use by the public, for a period of more than twenty years, and that as trustee he directed the road supervisor where said road was situated to erect dams across said highway, so as to make said highway again useful for travel, by causing the same to fill up to its proper level and remove the water therefrom, all of which plaintiff had caused by her wrongful act hereinafter mentioned; that, prior to the time said defendant directed the construction of said dams and fills, the plaintiff, who was a riparian landowner along the public stream in question, and which said stream crosses said road mentioned, and runs parallel to said

road or nearly so, along her said land, constructed a dam across said stream, causing the water to flow from its natural channel, over, into, on and upon said public highway, completely changing the channel of said stream from the. course and bed in which it had continuously flowed for more than twenty years, causing said public highway to become at all times obstructed by the flow of water, washing away the soil from the same, and making it miry and muddy.

Plaintiff's separate demurrer to said paragraph was overruled, and she replied in two paragraphs—first a general denial. Said second paragraph of reply alleges that, previous to the construction of the dam across said stream by the plaintiff, complained of by said defendants in their second paragraph of answer, the defendant David C. Morris erected a dam to divert the flow of water from said branch from its natural course, and turned the water upon the land of said plaintiff, which dam so erected did divert the water from its natural course, and turned the same in and upon the lands of said plaintiff; that, in order to stop the water from passing over her said lands, and force the same into its original channel, the plaintiff did erect a dam on her premises to keep the water in its natural watercourse, and cause the same to run within the banks of said stream; that plaintiff did not at any time divert the water out of its natural and original course. Defendants' demurrer to said second paragraph of reply was sustained, and upon the trial the court found for the defendants and rendered judgment in their favor. Plaintiff's motion for a new trial, for the reasons (1) that the decision of the court is not sustained by sufficient evidence, (2) that the decision of the court is contrary to law, and (3) the plaintiff has since the trial discovered evidence material to her action as shown by affidavit hereto attached and made a part hereof, was overruled.

The assignment of errors challenges the action of the court in overruling plaintiff's demurrer to the second paragraph

of the separate answer of the defendants, and in over-
1.  ruling plaintiff's motion for a new trial.   The issue
raised by the complaint and general denial thereto, by
the second paragraph of answer and denial thereto, and the
second paragraph of reply, was, whether the stream in con-
troversy had been diverted from its natural course, and, if
so, by whom.  The second paragraph of answer admits the
erection of the two dams, but says that they became neces-
sary because of the erection by the plaintiff of the dam de-
scribed in the second paragraph of answer.  The reply, ad-
mitting the erection of the dam as charged by defendants,
says that plaintiff did so because defendant Morris erected
a dam prior to that time and diverted the flow of water from
its natural course and on to her land.  Plaintiff, by means
of the dam, as charged in the second paragraph of answer,
diverted the water from its natural course.  The construc-
tion of another dam by some one else was no justification.
She had the right to protect her own land, but not by divert-
ing the water from its natural channel to the injury of the
public or to another.  The issue was not changed by the al-
legations of either the second paragraph of answer or second
paragraph of reply.  There was no reversible error in sus-
taining the demurrer to said paragraph of reply, nor would
there have been reversible error in sustaining a demurrer to
said second paragraph of answer.

· There is in the evidence such conflict as usually occurs
when the changing channel of a small stream is questioned,
but there is ample evidence to support the finding
2.  and judgment of the court.  We are asked to weigh
the evidence under section eight of the act concerning
proceedings in civil procedure, approved March 9, 1903.
Acts 1903, p. 338, §698 Burns 1908.  In *Parkison* v. *Thomp-
son* (1905), 164 Ind. 609, the Supreme Court say, in speak-
ing of said act, in reference to weighing testimony:  ''We
must consider and give effect to all inferences and impres-

sions that might have been reasonably deduced by the trial judge by reason of the fact that he saw and heard the witnesses testify, and had the opportunity, by personal observation, to discover any signs of truth or falsehood in respect to their testimony. In a case where a question of fact or facts depends upon oral testimony for support, and there is a substantial conflict in the oral evidence, under such circumstances, we will not undertake to reconcile the conflicting evidence, for it must be obvious from the position which we occupy that to endeavor to do so would be virtually useless. Were we to attempt, under the circumstances to reconcile and weigh the evidence, and interpose our judgment in the case for that of the lower court, great injustice might result.'' We give the foregoing in answer to the request to weigh the evidence.

The part of the motion for a new trial, based upon newly-discovered evidence, is supported by the affidavit of appellant herein, and is, that since the trial of the cause the

3. heavy rains during the month of May, 1905, caused the water of Sulphur fork of Anderson river to overflow the land of appellant, and that logs and drifts were carried on said lands by reason of the obstructions complained of in her complaint. That prior to said trial, and since said obstructions complained of were placed in said natural watercourse, the water had not reached such height and appellant could not furnish said testimony at the trial of said cause, but since, on account of the heavy rains, the water did cause damage and injury to this affiant on account of said obstruction so placed, and that she can prove this by her own testimony and that of Henry Mitchell and Mary Cassidy, and that the drift still remains there. For at least two reasons the court did not err in this ruling: (1) The evidence is cumulative; (2) it is sought to introduce evidence which was not in existence at the time of the trial. Newly-discovered evidence is evidence in existence at the time of the trial, but which could not, by reasonable dili-

gence, have been procured. The particular facts sought to be proved in this instance were not in existence at the time of the trial. We find no reversible error.

Judgment affirmed.

Roby, J., absent.