HERRMAN et al. v. ALTMAN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

NEW TRIAL (§ 100*)—NEWLY DISCOVERED EVIDENCE.
    Evidence consisting of the testimony of plaintiff's employé respecting admissions claimed to have been made by defendant after trial is not newly discovered evidence for which a new trial will be granted.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 203; Dec. Dig. § 100.*]

Appeal from Appellate Term.

Action by Abraham Herrman and another against Moritz Altman and another. From the determination of the Appellate Term, affirming an order of the City Court granting a new trial for newly discovered evidence, defendants appeal. Reversed, and motion denied.

See, also, 122 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Robert L. Turk, for appellants.
Edwin D. Hays, for respondents.

MILLER, J. The so-called newly discovered evidence consists of the testimony of the plaintiffs' employé respecting admissions claimed to have been made by the defendant after the trial. Such evidence may be said to be newly "created," but cannot appropriately be termed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep't Indexes

newly "discovered," and obviously does not meet the requirements prescribed for the granting of new trials on the ground of newly discovered evidence. If the practice of granting new trials upon such evidence were adopted, litigations would become interminable. The defeated party would only need to interview his adversary to get a new trial.

The orders of the Appellate Term and of the City Court should be reversed, with $10 costs and disbursements in this court and in the Appellate Term, and the motion should be denied, with $10 costs. All concur.