THEODORE R. SOUTHARD

*vs.*

BANGOR & AROOSTOOK RAILROAD COMPANY.

Aroostook.     Opinion October 8, 1914.

*Damages.     New Trial.     Newly Discovered Evidence.*

1.  A motion by a defendant in an action for personal injuries for a new trial on the ground of newly discovered evidence may be sustained when the evidence taken under it shows such acts and doings of the plaintiff after the trial, but nearly related to the time of the trial, that if this testimony be true, the plaintiff at that time could not have been in the physical condition he said he was and could not have been suffering as he claimed. Such evidence may be regarded as newly discovered.

2.  A motion for a new trial on the ground of newly discovered evidence will be granted, if the moving party is otherwise entitled to it, when it seems probable to the court that the verdict will be different when the case is submitted anew with the additional evidence.

On motion by defendant.   Motion sustained.   New trial granted on the question of damages only.

This is an action on the case to recover damages for personal injuries sustained on account of the negligence of the defendant. Plea, the general issue.   The jury returned a verdict for the plaintiff of $8500.   The defendant filed a general motion for a new trial and also a motion for a new trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*F. W. Halliday,* for plaintiff.

*Stearns & Stearns, Powers & Guild and Joseph F. Gould,* for defendant.

SITTING:   SAVAGE, C. J., BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   The plaintiff recovered a verdict of $8500 against the defendant for personal injuries.   The only question submitted to the jury was that of damages, for the defendant admitted liability. The defendant filed a general motion for a new trial; also a motion based on newly discovered evidence.

As to the general motion, we think it only necessary to say that the verdict seems excessive.   But we will not undertake now to discuss the question, for we think the motion based on newly discovered evidence should be sustained.

At the trial the vital question was,—what was then the plaintiff's physical condition, so far as it had been affected by the acts for which the defendant was responsible?   Knowing this, the jury could determine past damages and draw reasonable inferences as to future damages.   The claim of the plaintiff, which his testimony tended to support was that, as a result of his injuries, he was suffering from an incurable disease, that he was physically wrecked, and able to do but little, if any, manual labor.

The newly discovered evidence comes from several witnesses and relates to the acts and doings of the plaintiff after the trial, but nearly related to the time of the trial, of such a character, that if this testimony is true, the plaintiff at that time could not have been suffering as he claimed, and could not have been in the physical  condition he said he was.   Since the evidence must be submitted to a jury, we do not analyze it, but it tends to show that in the very next month after

the trial he went into the woods on a hunting trip, that within three or four months after the trial he engaged in heavy work, went to dances and danced, and did other things indicating that his physical condition was good, and it is strongly contradictory of what the plaintiff claimed at the trial.

That evidence of things happening after the trial may be regarded in some cases as newly discovered is settled in *Mitchell* v. *Emmons*, 104 Maine, 76. We think the evidence in this case should be regarded as newly discovered. Though it is evidence of acts which did not occur until after the trial, it is evidence of a condition which existed at the trial, and throws newly discovered light on that condition.

We think that justice requires that the defendant should have an opportunity to submit this evidence to a jury to be considered by them, together with any evidence the plaintiff may have to rebut it, and with such other relevant evidence as may be offered by either party on the question of damages. The evidence brings the case within the condition applicable to the granting of new trials on the ground of newly discovered evidence, namely, that it seems "probable to the court that the verdict will be different when the case is submitted anew with the additional evidence." *Parsons* v. *Railway*, 96 Maine, 503.

> *Motions sustained.*
> *New trial granted on the question of damages only.*