WILLIAM A. USHER *v.* NYE J. ALLEN.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 22, 1915.

*New Trial—Newly Discovered Evidence—Sufficiency.*

To warrant the granting of a new trial on the ground of newly dis-
covered evidence such evidence must be so controlling or per-
suasive that a new trial would probably produce a new result.

On petition for a new trial of an action in assumpsit for wages, on
the ground of newly discovered evidence, such evidence examined
and *held* not to be so controlling or persuasive as to warrant the
granting of a new trial.

PETITION for a new trial on the ground of newly discovered
evidence, brought to the Supreme Court for Windsor County at
its October Term, 1915, and then heard on the pleadings.

*March M. Wilson* for the petitioner.

*Wallace Batchelder* for the petitionee.

HASELTON, J.    This is a petition for a new trial.    We have
examined the petition and the affidavits accompanying it in
connection with the transcript of the proceedings on trial which
has been furnished conformably to our rule.

It appears that Allen recovered a judgment against Usher
for wages to the amount of two hundred and fifty-eight dollars
and fifty-one cents for about fifteen months' work ending in
August, 1912.    Allen claimed that he worked for the petitioner
for stated wages under an agreement made with the petitioner
directly.

Usher's claims below were that Allen was working for
Usher's father and not for him, and besides that Allen was work-
ing for his board.    The newly discovered evidence has no tend-
ency to sustain Usher's first claim.

35

The newly discovered evidence if it should conform to the affidavit, given in August, 1915, would be this: One Estella Morse, of Bethel, would testify that one day while Allen was at Usher's she had a conversation with Allen about work and other matters, and that in that conversation, he told her that he was working for his board. She had a bare speaking acquaintance with Allen. The statement was made at some indefinite time when she was sitting in her carriage in front of a store, and was not regarded by the affiant as of any importance.

We do not feel able to say that the testimony of Estella Morse taken in connection with the testimony formerly received, would be so controlling or persuasive that a new trial would probably produce a new result.

After trials in general some pieces of evidence are apt to come to light that might have been used if seasonably known of, and justice is best subserved by letting the one trial be the final one unless the reasons for a new trial are cogent.

"It is not our duty," said Judge Stephen Royce, "to renew a doubtful controversy." *Hurd* v. *Barber,* Brayt, 170; *Middletown* v. *Adams,* 13 Vt. 285; *Burr* v. *Palmer,* 23 Vt. 244-246; *Noyes* v. *Spaulding,* 27 Vt. 420-430; *Briggs* v. *Gleason,* 27 Vt. 114-116; *Westmore* v. *Sheffield,* 56 Vt. 239-249; *Reynolds* v. *Hassam,* 56 Vt. 449-451; *Taylor* v. *St. Clair,* 79 Vt. 536, 65 Atl. 655; *Lawson* v. *Crane,* 83 Vt. 115, 74 Atl. 641; *Lewis* v. *Roby,* 79 Vt. 487-491, 65 Atl. 524, 118 Am. St. Rep. 984.

Lord Mansfield well said, "The reasons for granting a new trial must be collected from the whole evidence, and from the nature of the case considered under all its circumstances." *Bright* v. *Eynan,* 1 Burr. 390-395.

In this spirit we have carefully examined all the evidence and have considered the apparent justice of the verdict.

In the view we take, we have no occasion to consider the allegations of due diligence, nor an application of the petitioner to amend in that regard.

*Petition dismissed with costs.*