W. O. JOHNSON *v.* WILLIAM RULE.

January Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed March 2, 1933.

*Roland E. Stevens, Raymond Trainor,* and *Paul Gilioli* for the petitioner.

*Loren R. Pierce* and *Searles & Graves* for the petitionee.

GRAHAM, J. This is a petition for a new trial on the ground of newly discovered evidence. The petitionee brought his action to recover damages for personal injuries resulting from the negligence of the petitioner in the operation of an automobile. Upon trial, the petitionee prevailed, and the case was brought to this Court on defendant's exceptions. One of the chief exceptions argued was to the refusal of the trial court to set aside the verdict on the ground that it was excessive. The exceptions were found to be without merit and the judgment was affirmed. The case is *Rule* v. *Johnson,* 104 Vt. 486, 162 Atl. 383. At the trial in the county court, the petitionee introduced evidence tending to show, among other serious injuries, that his nose was broken, and the left nostril was partly closed by one of the broken bones; that the floor of the left orbit was fractured and that the floor of the orbit was not in apposition, the outer surface being $\frac{1}{32}$ of an inch higher than the inner; that a bony callous had formed which pressed upon the sensory nerves, causing constant pain and a partial paralysis of the left

side of the face, involving the lower eyelid; that the paralysis would probably get worse. Also that the accident caused a permanent displacement of his heart to a position two inches below and one and one-half inches to the left of normal; that the heart condition made it unsafe for the petitionee to actively exert himself or lift heavy weights; that if he should lift a weight of more than 25 or 30 pounds he might get an acute heart block, resulting in instant death; that his disability was 70 per cent. of normal.

The petitionee testified that for many years he had been employed as a clerk in a general store, and, before the accident, as part of his duties, he swept a concrete square in front of the store twice each day, but since the accident he had been unable to perform that service because it caused a severe pain in his left side, and that someone else was doing that work. He also testified that his weight before the accident was about 135 pounds, and his weight since that time was 125 pounds.

The petition involves the question of damages only. It is alleged that since the trial the petitionee has made application for a motor vehicle operator's license in which he states, on oath, that his eyesight is normal, that he has never been afflicted with any mental or physical infirmity, and that his weight is 135 pounds. A certified copy of the application is attached to the petition in support of this allegation. It is further alleged that since the trial the petitionee has been actively engaged in manual labor about the store, such as shoveling snow, sweeping the side-work, pumping gasoline, driving an automobile, and other activities requiring physical strength and endurance. This allegation is founded upon the attached affidavits of four witnesses.

The petitionee did not make and file a formal answer to the petition. The petitioner contends that such an omission amounts, in legal effect, to an admission of the truth and validity of the allegations. The unsoundness of this contention is apparent when the practice under the rule (Supreme Court rule 4) is stated. The rule contemplates that the testimony relied upon as newly discovered, and by which the petition is to be supported, shall be taken upon notice (*Willard* v. *Norcross*, 86 Vt. 426, 443, 95 Atl. 904; *Gilfillan* v. *Gilfillan's Estate*, 90 Vt. 94, 104, 105, 96 Atl. 704), and, if the testimony attached to the petition when served is in the form of *ex parte* affidavits, the testimony shall be retaken on notice in the form of depositions,

to the end that the petitionee may exercise the right of cross-examination. Until these requirements are complied with by the petitioner, the petitionee is not informed of what he is to answer, nor is any answer required of him. He may thereafter take testimony by way of answer, on reasonable notice, in the form of depositions, and the petitioner may, in like manner, take testimony in reply. This procedure appears to have been followed in the present case, and so the petition, with the supporting and rebutting testimony, is for consideration on its merits.

The petitionee argues that since the supporting testimony relates solely to facts which have transpired since the verdict it does not constitute, as a matter of law, a ground for a new trial. Cases are cited in his brief which lend support to this contention. *Cassidy* v. *Johnson,* 41 Ind. App. 696, 84 N. E. 835; *Herrman* v. *Altman,* 139 App. Div. 930, 124 N. Y. S. 39. In the latter case the court says that "such evidence may be said to be newly 'created,' but cannot appropriately be termed newly 'discovered' * * * *." See, also, *Johnson* v. *Johnson,* 18 Col. App. 493, 72 Pac. 604; *Denny* v. *Broadway National Bank,* 118 Ga. 221, 44 S. E. 982; *Johnson* v. *City of Waterloo,* 140 Iowa, 670, 119 N. W. 70. But it is generally held that evidence of things happening after the trial may be regarded in some cases as newly discovered. 20 R. C. L. page 299, § 80; *Guth* v. *Bell,* 153 Iowa, 511, 133 N. W. 883, 42 L. R. A. (N. S.) 692, Ann. Cas. 1913E, 142, and note. The rule is applicable to personal injury actions where the evidence shows a condition of the injured person after the trial inconsistent with the showing of his condition made on the trial (*Anshutz* v. *Louisville Ry. Co.,* 152 Ky. 741, 154 S. W. 13, 45 L. R. A. (N. S.) 87, and note; *Southard* v. *Bangor & A. R. R. Co.,* 112 Me. 227, 91 Atl. 948, L. R. A. 1915B, 243, and note), but the evidence must be of such decisive character as to indicate a reasonable certainty that the verdict would have been changed, or the recovery would have been materially reduced. *Anshutz* v. *Louisville Ry. Co., supra; Clark* v. *Pullman Co.,* 205 Ky. 336, 265 S. W. 820; see *Burr* v. *Palmer,* 23 Vt. 244, 246. Since a claim for future damages may be supported by evidence showing that there is a reasonable certainty or a reasonable probability that apprehended future consequences will ensue (*Howley* v. *Kantor,* 105 Vt. 128, 163 Atl. 628, 631), evidence of things happening after the trial, tending to show a normal recovery, or even a better recovery than was

reasonably anticipated at the trial, cannot furnish the basis of a new trial. Such evidence must strongly indicate that a fraud has been practiced on the court. *Brooks* v. *Rochester Ry. Co.,* 10 Misc. 88, 31 N. Y. S. 179; *Southard* v. *Bangor & A. R. R. Co., supra.* See, also, *City of Indianapolis* v. *Tansel,* 157 Ind. 463, 62 N. E. 35. This Court has strictly adhered to the rule that a new trial on the ground of newly discovered evidence will not be granted unless such evidence is so controlling or persuasive as to make it reasonably probable that it would produce a different result (*Usher* v. *Allen,* 89 Vt. 545, 546, 95 Atl. 809; *Gilfillan* v. *Gilfillan's Estate,* 90 Vt. 94, 104, 96 Atl. 704; *Taylor* v. *St. Clair,* 79 Vt. 536, 65 Atl. 655), nor will a new trial be granted when such evidence is cumulative, that is, merely additional evidence of the same kind, to the same fact litigated at the former trial. *Town of Kirby* v. *Town of Waterford,* 14 Vt. 414; *Bradish* v. *State,* 35 Vt. 452, 456; *Lawson* v. *Crane & Hall,* 83 Vt. 115, 119, 74 Atl. 641. With these rules in mind we proceed to an examination of the testimony.

██ ██ The petitionee in his application for a motor vehicle operator's license, signed and sworn to by him on December 21, 1931, answered "No" to the following question: "Have you ever been afflicted with epilepsy, fits, vertigo, fainting spells or any other mental or physical infirmity?" The only part of the answer which it is claimed in any way tends to impeach the testimony of the petitionee, or to show any inconsistency with his claims on trial, are the words, "or any other mental or physical infirmity." The petitionee in his deposition states that he answered the questions in the application the same as he had done in former years. Considering the nature of the question, with the emphasis upon certain specific mental and physical infirmities, and in view of the explanation of the petitionee, and the conclusive character of the evidence as to the serious physical condition of the petitionee resulting from the accident, we do not think that this admission would have any effect to change the result. The petitioner in his brief appears to rely upon the fact that the petitionee also stated in his application that his eyesight was normal and that his hearing was normal. The petitioner does not point out any evidence taken at the trial which is inconsistent with these statements. The petitionee's evidence at the trial tended merely to show that the paralysis of the left side of the face involved the lower eyelid, and that the eye might

become involved if the sinuses were affected. So far as appears no claim was made that the eyesight was then involved. It is not pointed out, either in the petition or the petitioner's brief, that any injury to the petitionee's hearing resulting from the accident was in issue at the trial, or was submitted to the jury as an element of damages. Since it is not shown that the amount of the verdict was affected by any such claims, this evidence is not newly discovered in any legal sense of that term.

The petitionee stated in his application, as he had stated before the accident in making applications for an operator's license, that his weight was 135 pounds. It is not denied that his weight at the time the testimony in these proceedings was taken was only 127 pounds.

Testimony in the form of depositions taken by the petitioner in support of the petition tends to show that during the past year the petitionee has been seen at work around the store; that he has swept the sidewalk and shoveled snow in front of the store quite a good many times; that he has pumped gasoline; that he has delivered groceries from an automobile, and has reached over the side of the car to get them; that once during the past eighteen months he carried fifty pounds of grain in his right hand a distance of 15 to 20 feet; that in the spring of 1932 he dragged a bag of grain, weighing one hundred pounds, from the store, along a platform, and tipped it into an automobile; that when he did these things the witness observed no physical weakness or distress.

The petitionee's evidence tends to show that he has swept the store and sidewalk only infrequently since the accident; that Mrs. Palmer, the owner of the store, ordinarily does the sweeping, that during the past year he has shoveled only light snow, and that another has been hired to do most of that work; that the petitionee now performs about one-fourth of the work which he did before he was injured.

The additional evidence now presented by the petitioner does not materially change the situation as to petitionee's work and ability to work from what was developed at the trial. The accident occurred on December 8, 1930. For thirteen weeks thereafter, the petitionee was absent from the store. He then returned to his work and, to a limited extent, performed his regular duties as clerk, such as operating the Cadillac car, and with it making deliveries of groceries from the store. This was shown

at the trial in July, 1931. So far as the evidence that the petitionee has since the trial lifted weights of more than 25 to 30 pounds is concerned, it is enough to say that it shows merely that he did it without fatal results. It is not argued that it was a prudent or safe thing for him to do in view of his heart condition. In fact, the evidence is to the contrary. This is shown by the testimony of the petitioner, as well as that of the petitionee. Dr. Gifford, a medical expert witness, whose deposition was taken by the petitioner in reply to the testimony taken by the petitionee, testified that, considering the present condition of Mr. Rule's heart and circulatory system, it is not advisable for him to exercise violently or to work hard or to lift heavy weights. The evidence also shows that in some respects Mr. Rule's physical condition, especially as to the paralysis and heart condition, is worse than it was at the time of trial.

Thus it is clearly apparent that this additional evidence is not only cumulative, but of such a character and of such slight consequence that it could not reasonably be expected to produce a different result.

We have carefully reviewed the evidence on which the verdict was based in connection with the evidence of facts which have occurred since the trial, and, without further summary, we think that the petition and supporting testimony do not present such an extraordinary case as will justify a new trial on the question of damages. See *Burr* v. *Palmer, supra; Usher* v. *Allen, supra; State* v. *McLaughlin,* 27 Mo. 111, 112; *State* v. *Watrous,* 177 Minn. 25, 224 N. W. 257.

■ ■ The petitioner in his reply depositions attempts to raise issues which are not presented by the petition or supporting testimony. This evidence cannot be considered in support of such issues, but only for the purpose of rebutting the testimony of the petitionee's answering depositions. Issues not presented by the petition and supporting evidence are deemed finally settled by the verdict.

*Stay vacated, and petition dismissed with costs.*