WILFRID BLANCHARD *v.* A. D. PALTIEL.

October Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 7, 1934.

*M. H. Alexander* for the defendant and petitioner.

*H. J. Holden* for the plaintiff and petitionee.

POWERS, C. J.  This is an action of contract wherein a verdict was returned for the plaintiff.  The defendant seasonably filed a bill of exceptions, and later on brought a petition for a new trial for newly discovered evidence.  He does not brief his exceptions, and here relies only upon his petition.

It appears that the defendant and his wife own a large farm in Swanton, which was carried on by the plaintiff under a con-

tract which gave him a salary therefor. The defendant claimed that, in late September, 1930, the salary then being in part unpaid, he made a settlement with the plaintiff, under which he deeded to the plaintiff a farm in Canada, and by which the former contract was to be considered to be paid up and cancelled, and the plaintiff was to carry on the farm thereafter for himself, paying nothing for its use except the insurance, taxes, and running expenses. The plaintiff admitted the deed of the farm in Canada, but denied that it was taken in settlement of the amount due under the contract, denied that any change was made in the way he was to continue on the farm, and claimed he was under salary down to and at the time of the trial.

Sometime after the trial, it was discovered that three different witnesses, since the time of the alleged settlement, had heard the plaintiff say, in effect, that he then had the use of the farm for paying the running expenses and upkeep of it. This is the newly discovered evidence on which the petition for a new trial is predicated.

It is asserted by the plaintiff that the occasion referred to by one of the new witnesses was before the settlement. But the transcript to which he refers us, does not warrant this claim. It shows that the date which the plaintiff refers us to is the date of the purchase of some Worthen cattle, a subject talked about on the occasion of the alleged admission, and not the date of the admission.

That the evidence in question is newly discovered is not disputed, nor is the diligence of the defendant or his counsel questioned. But it is claimed that it is cumulative, merely, and that it is insufficient to warrant a retrial.

The new evidence is not cumulative, merely. As was pointed out in *Bradish* v. *State,* 35 Vt. 452, 456, there is some confusion in the cases as to the exact meaning of the term "cumulative" as applied to petitions for new trials. And the definition there approved is that when so used, the term means "additional evidence of the same kind to the same point." Tested by this rule, the evidence here is free from objection on this ground, for it is not of the same kind, though it be to the same point. It has long been the law of this State that direct evidence and evidence of admissions are not cumulative to each others. *Myers* v. *Brownell,* 2 Aikens, 407, 409, 16 A. D. 729; *Foss* v. *Smith,* 79 Vt. 434, 447, 65 Atl. 553. The plaintiff says

that Mrs. Paltiel testified to the same admissions and refers us to certain pages of the transcript. But these only show that the plaintiff admitted the settlement of the amount due him. He said nothing about the cancellation of the old contract, or the establishment of a new relation by a new one. The new evidence is more than impeaching, for it goes to the vital issue in the case. *Bradley* v. *Kelley,* 105 Vt. 478, 491, 168 Atl. 554. It consists of admissions by a party, which are evidence of the facts admitted. *Robinson* v. *Leonard,* 100 Vt. 1, 5, 134 Atl. 706. If these admissions are proved to the satisfaction of the jury, a finding for the defendant may reasonably be expected. The statute under which the petition is brought is remedial and equitable in character, and is to be liberally construed and applied. *MacDonald* v. *Orton,* 99 Vt. 425, 432, 134 Atl. 599.

We have frequently approved the proposition that every petition for a new trial, if properly brought, must fail or prevail according to the strength of its appeal to the judgment and conscience of the court. *Bradley* v. *Kelley, supra,* and cases cited. Tested by this rule, we think this case is distinguishable, both in force and certainty, from *Usher* v. *Allen,* 89 Vt. 545, 95 Atl. 809, that this petition is meritorious, and that it satisfies all the requirements of the law.

*Judgment reversed, pro forma, petition sustained with costs, verdict set aside, new trial granted, and cause remanded.*