# Frank A. Ripchick et al v. Lee N. Pearsons et als

(100 A2d 573)

October Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed November 3, 1953.

*Loren R. Pierce* and *Alban J. Parker* for the defendants.

*Miles & Ainsworth* for the plaintiffs.

**Chase, J.** This is an action of tort wherein a verdict was returned for the plaintiff. The defendants seasonably filed a bill of exceptions, and later brought the pending petition for a new trial on the ground of newly discovered evidence. They do not brief their exceptions, and here rely only upon their petition.

It appears that the defendant, International Paper Co., had acquired the right to cut pulp on the Boynton pasture, so-called, in the Town of Andover which property adjoined that of the plaintiffs. There was a dispute as to the location of the line between these properties. The parties to the suit introduced evidence tending to establish the location of

this disputed line as they claimed it to be, the claim of the defendants being that the line ran from a point marked "J" thence to "M" thence to "N" thence to "O" thence along the "new road" and broken line to "S" thence southwesterly to "F" as shown on plaintiffs' exhibit 18. The jury by their verdict adopted the claim of the plaintiffs.

The newly discovered evidence consists of present recollections, in affidavit form, of three persons who were employed in some capacity about forty years ago in lumbering operations of the Ilium Lumber Company when it owned the property of the plaintiffs. One of the affiants, a Mr. Eaton, states that he was unfamiliar with the line between the Ilium property and the Boynton premises when he worked there for the Ilium Company in 1915; that there were not any boundary lines or markers as such separating these properties; that none of the area recently cut over by the defendants was owned or claimed to be owned by the Ilium Company in 1913 or 1914. Another affiant, a Mr. Wilkins, states that he had hauled logs cut by his father on the Ilium lot in 1912 or 1913; that he had recently gone onto the premises and followed the blazed line "S-F" as it appears on plaintiffs' exhibit 18; that the point "F" on plaintiffs' exhibit 18 marks the southwesterly corner of the lot owned by the Ilium Company when he was hauling logs. The third affiant, a Mr. Graves, states that he was a member of a cruising party working for the Ilium Company when it owned the lot now owned by the plaintiffs and is familiar with the area where it is situated; that the line "J-M-N-O", thence on the "new road" and the broken line to point "S", thence in a general southeasterly direction to the point "F" as it appears on plaintiffs' exhibit 18 was the boundary line of the lot owned by the Ilium Company.

■ At the original trial of this case the defendants produced witnesses, including one of the present owners of the Boynton premises whose husband acquired the property in 1920, who located the disputed line in the identical place that these three affiants do. The newly discovered evidence is no stronger and has no more probative force than that which was rejected by the jury. It is merely additional evidence of the same kind to the same fact litigated at the former trial. A

new trial will not be granted on such evidence. *Johnson* v. *Rule*, 105 Vt 249, 254, 164 A 681, and cases cited.

■■ A controlling principle in all cases of petitions for new trial is, "that every petition for a new trial brought conformably to law, must fail or prevail according to the strength of the appeal it makes to the judgment and conscience of the Court." *Bradley* v. *Kelley*, 105 Vt 478, 491, 168 A 554, 559, and cases cited; *Blanchard* v. *Paltiel*, 106 Vt 510, 513, 175 A 226. This Court has strictly adhered to the rule that a new trial on the ground of newly discovered evidence will not be granted unless such evidence is so controlling or persuasive as to make it reasonably probable that it would produce a different result. *Johnson* v. *Rule*, 105 Vt 249, 254, 164 A 681, and cases cited.

The newly discovered evidence in this case does not meet these tests.

No question is raised as to the diligence of the petitioners or their counsel in this matter so we do not discuss it.

*The petition is dismissed with costs to the plaintiff.*